(No. 75596.—

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. VINCENT S. FATE, Appellee.

*Opinion filed May 19, 1994.*

Roland W. Burris, Attorney General, of Springfield, and James E. Ryan, State's Attorney, of Wheaton (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen, Michael A. Hurst and Arleen C. Anderson, Assistant Attorneys General, of Chicago, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Paul Alexander Rogers, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This case involves the criminal prosecution of defendant, Vincent Fate, on multiple violations of the Illinois Vehicle Code and the Cannabis Control Act related to defendant's operation of a motor vehicle while under the influence of alcohol. Count VII of the information charged defendant with driving a motor vehicle while there is any amount of a drug, substance or compound in his urine resulting from the unlawful use or consumption of cannabis, in violation of section 11—501(a)(5) of the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95¹/₂, par. 11—501(a)(5)). Prior to trial, defendant moved to dismiss count VII on the basis that the statute was unconstitutional under the Illinois and United States Constitutions. The circuit court granted defendant's motion on the basis that the statute was not a proper exercise of police power under the Illinois Constitution, and the State brought this direct appeal pursuant to Rule 302(a)(1) (134 Ill. 2d R. 302(a)(1)).

The issue presented for review is whether section 11—501(a)(5) of the Illinois Vehicle Code, criminalizing the act of driving a motor vehicle while there is any amount of a drug, substance or compound in such person's blood or urine resulting from the unlawful use of said drug, substance or compound, is a proper exercise of the State's police power in curbing the incidence of drugged driving under the Illinois Constitution. Our answer is yes.

Section 11—501 of the Illinois Vehicle Code provides in relevant part:

> "§ 11—501. Driving while under the influence of alcohol, other drug, or combination thereof. (a) A person shall not drive or be in actual physical control of any vehicle within this State while:
>
> * * *
>
> 5. there is any amount of a drug, substance or compound in such person's blood or urine resulting from the unlawful use or consumption of cannabis listed in the Cannabis Control Act, or a controlled substance listed in the Illinois Controlled Substances Act." Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—501.

For his part, defendant contends that the statute in question violates due process of law under both the Illinois and the Federal Constitutions since it is not tied to driving impairment. (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2.) In short, the statute creates an impermissible *per se* violation. While we agree that the statute creates a *per se* violation, we do not agree that this constitutes a violation of due process of law.

There is no dispute that the statute is intended to keep drug-impaired drivers off of the road. At the lowest levels of drug ingestion, no one is impaired. At the highest levels, all are impaired. In the vast middle range, however, the tolerance for drugs varies from person to person and from drug to drug. In this range, depending on the drug and depending on the person, some will be

impaired and some will not be impaired at all. The same is also true for alcohol, itself a drug.

Previously, in the case of *People v. Ziltz*, this court adopted the legal fiction of "presumed impairment" for persons driving with a blood-alcohol concentration of 0.10 or above. This, in spite of the fact that certain people can operate a motor vehicle without noticeable impairment at and above that level of alcohol in their systems. (*People v. Ziltz* (1983), 98 Ill. 2d 38.) The rationale of *Ziltz* applies with equal force to the case at hand.

The Senator who sponsored the original legislation which we consider today stated that it was designed to "curb the incidence of drug driving, as we have drunk driving." (86th Ill. Gen. Assem., Senate Proceedings, May 25, 1989, at 21 (statement of Senator Barkhausen).) The flat prohibition against driving with any amount of a controlled substance in one's system was considered necessary because "there is no standard that one can come up with by which, unlike alcohol in the bloodstream, one can determine whether one is—driving under the influence." 86th Ill. Gen. Assem., Senate Proceedings, May 25, 1989, at 23 (Statements of Senator Barkhausen regarding Senate Bill 1182. The eighth amendment to House Bill 2576 of the 86th Illinois General Assembly incorporated Senator Barkhausen's legislation).

In the case of *People v. Gassman*, one of the State's witnesses was Dr. Jeffrey Benson, an Illinois State Police forensic scientist. He testified, in essence, that it was possible to determine the presence of drugs in blood and urine but that the scientific instruments he used were not sensitive enough to give a precise reading of the amount. He further testified that although there is a general correlation between the level of cannabis use and impairment, the relationship was not simple. He added that, as regards PCP (another contraband drug),

the consensus among scientists is that there is no hard and fast relationship between the amount of PCP consumed and the seriousness of the drug's effect. *People v. Gassman* (1993), 251 Ill. App. 3d 681, 685.

Statutes are presumed constitutional. The test for determining whether a statute constitutes a proper exercise of the police power is whether the legislation bears a rational relationship to the interests sought to be protected, and whether the means adopted constitutes a reasonable method by which to accomplish the objective.

The statute in question creates an absolute bar against driving a motor vehicle following the illegal ingestion of any cannabis or controlled substance. This is without regard to physical impairment. Given the vast number of contraband drugs, the difficulties in measuring the concentration of these drugs with precision from blood and urine samples and, finally, the variation in impairment from drug to drug and from person to person, we believe that the statute constitutes a reasonable exercise of the police power of the State in the interest of safe streets and highways.

Accordingly, the judgment of the circuit court of Du Page County which declared the statute unconstitutional is reversed. This cause is remanded for further proceedings.

*Reversed and remanded.*