# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Hambrick*, 2012 IL App (3d) 110113

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BARBARA HAMBRICK, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0113 |
| Filed | July 24, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The three-year prison term imposed for aggravated driving while under the influence of alcohol that resulted in the death of the passenger in defendant's car was upheld, despite defendant's contention that extraordinary circumstances warranted probation. |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 08-CF-436; the Hon. Clark E. Erickson, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Bryon Kohut, of State Appellate Defender's Office, of Ottawa, for appellant. |
| | |
| | John J. Boyd, State's Attorney, of Kankakee (Terry A. Mertel and Nadia L. Chaudhry, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE CARTER delivered the judgment of the court, with opinion. Justices McDade and Wright concurred in the judgment and opinion. |

## OPINION

¶ 1        After a jury trial, the defendant, Barbara Hambrick, was found guilty of two counts of aggravated driving while under the influence of alcohol (DUI) (625 ILCS 5/11-501(d)(1)(F) (West 2008)). The trial court merged count II into count I and sentenced the defendant to three years' imprisonment. The defendant appeals her sentence, arguing that the trial court: (1) applied the wrong legal standard in sentencing; and (2) abused its discretion in sentencing her to a prison term when extraordinary circumstances required a sentence of probation. For the following reasons, we affirm.

¶ 2                                FACTS

¶ 3        On July 11, 2008, the defendant was charged by indictment with two counts of aggravated DUI. The case proceeded to a jury trial, which ended in a mistrial. In November 2010, the case was called for a second jury trial. The trial evidence showed that on August 22, 2007, the defendant had consumed between three and eight shots of alcohol and part of a mixed drink at Heather's Tap in Kankakee. The defendant testified that she and the victim, Greg Kirkton, left Heather's Tap around 9 p.m. to return to her farm in Manteno, where the victim rented a room.

¶ 4        The defendant testified that during the trip, the victim allegedly began speaking of his deceased wife and attempted to jump out of the car. The defendant and the victim were traveling in a convertible, with the top down, and the victim purportedly grabbed the steering wheel while trying to climb out of the moving car. The defendant next remembered that the car veered off the road and struck an embankment. The force of the collision ejected the victim from the car. The Kankakee County coroner testified that the victim died from neck injuries sustained in the accident.

¶ 5        Immediately after the accident, the defendant was transported to the hospital where her injuries were treated. A hospital blood draw indicated that the defendant had a blood alcohol content of 0.137.

¶ 6     The jury found the defendant guilty of two counts of aggravated DUI.

¶ 7     On January 7, 2011, the case proceeded to a sentencing hearing. At the hearing, the State introduced evidence of the defendant's driving abstract, which only contained the statutory summary suspension and revocation related to this case. Teryn Robinson, the victim's niece, read a victim impact statement. Robinson felt that the defendant was responsible for the victim's death and did not believe the defendant's testimony that the victim was acting suicidal. She did not plead for a particular punishment but trusted that the court would set an appropriate sentence.

¶ 8     Defense counsel began its case with a letter from the defendant's daughter, Amelia Ann Brodie. In the letter, Brodie stated that the defendant was a loving person who cared for her five daughters while she maintained a prosperous business. Brodie was concerned that a harsh sentence would cause her family financial hardship and have a grave impact on her younger siblings, who were 9 and 10 years old. Brodie noted that the girls had lost their father in 2003.

¶ 9     Wanda Christenson testified that she was the defendant's mother and that she was very close to the defendant, who was helping her during her cancer treatment. Wanda stated that she and her husband would do their best to take care of the defendant's minor children, but that it would be difficult because of her cancer treatment and her husband's age. At the time, Wanda was 75 years old and her husband was 80 years old. Wanda noted that she and her husband were not in a position to financially maintain the family farm. Wanda stated that there were three houses on the farm and that she and her husband occupied one house. Ashley Christenson, the defendant's oldest daughter, and her eight-year-old son lived in the second house, and Wanda's son and his family lived in the third house.

¶ 10    Following Wanda's testimony, Ashley read a prepared statement to the court. In the statement, she expressed concern that a prison sentence would traumatize her two younger siblings, who lost their father in 2003. Ashley said that she, too, was dependant on the defendant for financial support because she was a single mother who was pregnant with twins and she had an eight-year-old son. As a result of her high-risk pregnancy, Ashley could not work full time and would be out of work for several months after she gave birth. Ashley pleaded for her mother to receive a sentence of probation, as a prison sentence would negatively impact her entire family.

¶ 11    The defendant read a prepared statement to the court in which she apologized for the suffering that she had caused her family and the victim's family. She reemphasized that her children had already lost their father and that she had moved off the family farm so that her parents could financially provide for her brother. During arguments, defense counsel stated that the defendant would not be entitled to receive social security payments, resulting from her husband's death, while imprisoned.

¶ 12    On January 14, 2011, the case was called for the pronouncement of the defendant's sentence. The court merged the defendant's two aggravated DUI counts into a single count. The court first determined whether extraordinary circumstances existed to justify a sentence of probation, as otherwise the only sentence available under the statute was a term of imprisonment. The court admitted that a prison sentence would entail hardship, but it did not

find that extraordinary circumstances existed to justify a sentence of probation. The court reasoned that the defendant had a large extended family to support the defendant's minor children and that the children would continue to receive social security payments while the defendant was incarcerated, so long as the payee was changed from the defendant to the children. As a result, it did not "find as a matter of law, upon reviewing the circumstances *** that extraordinary circumstances *** exist which require *** probation."

¶ 13    In sentencing the defendant, the court considered the factors in mitigation and aggravation. In particular, the court noted that the defendant did not have a prior criminal record, but it felt that a prison sentence was necessary for deterrence. However, the court acknowledged that a sentence of more than three years would entail excessive hardship to the defendant's dependents. Therefore, the court sentenced the defendant to three years in prison.

¶ 14    On January 20, 2011, the defendant filed a motion to reconsider her sentence. The court found that although a prison sentence posed a significant harm to the defendant's family, it did not "as a matter of law" find that the defendant's circumstances rose to the level of extraordinary circumstances which required probation. The court denied the defendant's motion and restated its hope that her sentence would have a deterrent effect. The defendant filed a notice of appeal.

¶ 15                                      ANALYSIS
¶ 16                                  I. Legal Standard
¶ 17    On appeal, the defendant first argues that the trial court applied an incorrect legal standard in sentencing. During sentencing, and at the motion to reconsider, the court stated that it did not "find as a matter of law" that extraordinary circumstances existed. The defendant argues that the determination of whether to impose a period of probation was discretionary and not a purely legal decision in which no discretion is exercised. See *People v. Winningham*, 391 Ill. App. 3d 476 (2009). As a result, the defendant asks that we review the present case *de novo* because the trial court failed to exercise its discretion. See *People v. Newborn*, 379 Ill. App. 3d 240 (2008).

¶ 18    In response, the State contends that the defendant misconstrues the court's statement and the correct standard of review is an abuse of discretion. *People v. Stacey*, 193 Ill. 2d 203 (2000). We agree. Despite the court's misstatements, we find that it exercised discretion in reviewing the evidence and pronouncing the defendant's sentence. Therefore we review the case for an abuse of discretion.

¶ 19                              II. Abuse of Discretion
¶ 20    The defendant next argues that the trial court abused its discretion in sentencing her to a prison term when extraordinary circumstances required a sentence of probation. The defendant contends that the nature of the offense and the character of the offender did not warrant a prison sentence and that her extended family did not have the ability or the financial means to care for her two minor daughters and her older daughter, Ashley, who was

financially dependent on her. As a result, the defendant asks that we vacate her sentence and remand the matter for resentencing.

¶ 21    Initially, we note that the defendant was convicted of aggravated DUI, a Class 2 felony. 625 ILCS 5/11-501(d)(2)(G) (West 2008). This conviction carries a sentence of "not less than 3 years and not more than 14 years if the violation resulted in the death of one person" unless the trial court "determines that extraordinary circumstances exist and require probation." 625 ILCS 5/11-501(d)(2)(G) (West 2008). The plain language of the statute creates the presumption that a convicted defendant shall serve a term of imprisonment. 625 ILCS 5/11-501(d)(2)(G) (West 2008); see also *People v. Vasquez*, 2012 IL App (2d) 101132 (not released for publication as of July 20, 2012). However, a trial court may override this presumption when it determines, in its discretion, that "extraordinary circumstances" require probation. *Vasquez*, 2012 IL App (2d) 101132. The legislature intended for the "extraordinary circumstances" language to limit the discretion of a trial court to impose a sentence of probation. See *People v. Maldonado*, 386 Ill. App. 3d 964 (2008).

¶ 22    We may not alter a sentence unless the trial court abused its discretion, *i.e.*, the sentence is " 'greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.' " *People v. Alexander*, 239 Ill. 2d 205, 212 (2010) (quoting *People v. Stacey*, 193 Ill. 2d 203, 210 (2000)). A trial court's sentencing decision is entitled to great deference, and we may not substitute our judgment for the trial court's merely because we might have weighed the sentencing factors differently. *Alexander*, 239 Ill. 2d 205. In the instant case, we cannot conclude that the trial court abused its discretion.

¶ 23    We note, as did the trial court, that any prison sentence entails hardship to the defendant and the defendant's family. We agree that the defendant's circumstances, although tragic, did not rise to the level of "extraordinary circumstances," as envisioned by the legislature to justify a sentence of probation. Although the legislature did not define the precise boundaries of "extraordinary circumstances," it intended that a trial court exercise its discretion to override the presumption of incarceration only in limited circumstances. See *Vasquez*, 2012 IL App (2d) 101132. In the present case, a sentence of probation would deprecate the seriousness of the offense. Moreover, we agree with the trial court that the harm to the defendant's dependent daughters is limited because her extended family is in a position to care for her children while she is incarcerated, and that her minor daughters will continue to receive financial support from their social security payments.

¶ 24    Finally, we note that the trial court explicitly addressed the factors in mitigation and aggravation, and it concluded that a sentence of three years' imprisonment would have a deterrent effect and minimize the hardship posed to the defendant's family. Based on the foregoing, we find that the trial court's sentence was not an abuse of discretion.

¶ 25                                  CONCLUSION

¶ 26    For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

¶ 27    Affirmed.