# Illinois Official Reports

## Appellate Court

---

### *People v. Rennie*, 2014 IL App (3d) 130014

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KRYSTIN N. RENNIE, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-13-0014 |
| Filed | May 23, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for aggravated driving while under the influence of cannabis was upheld over her contentions that cannabis was unconstitutionally included in the DUI statute, that her sentence to concurrent terms of two and six years was an abuse of discretion, and that "extraordinary circumstances" existed requiring probation, since curbing the incidence of drugged driving is a proper exercise of the state's police power that does not violate due process or equal protection, driving under the influence of cannabis is a problem in society, defendant's conduct killed one person and seriously injured another, and the trial court did not err in finding that there were no "extraordinary circumstances" requiring probation. |
| Decision Under Review | Appeal from the Circuit Court of Tazewell County, No. 11-CF-227; the Hon. Lisa Y. Wilson, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Maureen Williams (argued), of Peoria, for appellant.

Stewart Umholtz, State's Attorney, of Pekin (Gary F. Gnidovec (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justice Holdridge concurred in the judgment and opinion.
Justice Schmidt specially concurred, with opinion.

**OPINION**

¶ 1        Defendant, Krystin Rennie was convicted of two counts of aggravated driving under the influence (DUI) and sentenced to concurrent terms of six and two years in prison. She appeals, arguing that the DUI statute is unconstitutional and that her sentence is excessive. We affirm.

¶ 2        On June 26, 2010, defendant Krystin Rennie was 16 years old. While driving her vehicle at night for the first time, she crossed the center line and drove into oncoming traffic. She struck a motorcycle, injuring the driver, Dale King, and killing his wife, Angela. Immediately after the accident, defendant was taken to the police station, where she agreed to submit to a blood test. The blood test revealed that defendant had cannabis in her system. In an interview with police, defendant admitted that she had smoked marijuana throughout the day on June 26, 2010, stopping shortly before the accident.

¶ 3        Defendant was charged by indictment with six offenses. Count I alleged that defendant committed aggravated DUI by driving under the influence of cannabis and being involved in a motor vehicle accident that resulted in the death of Angela King (625 ILCS 5/11-501(d)(1)(F) (West 2010)). Count II alleged that defendant committed aggravated DUI by driving under the influence of cannabis and becoming involved in a motor vehicle accident that resulted in great bodily injury to Dale King (625 ILCS 5/11-501(d)(1)(C) (West 2010)). Count III alleged that defendant committed the offense of DUI by operating a vehicle with cannabis in her breath, blood or urine (625 ILCS 5/11-501(a)(6) (West 2010)). Count IV alleged a graduated driver's license violation for driving too late at night (625 ILCS 5/6-110(a-1) (West 2010)). Count V alleged improper lane usage (625 ILCS 5/11-709(a) (West 2010)). Count VI alleged that defendant operated a vehicle without carrying a valid driver's license (625 ILCS 5/6-101 (West 2010)).

¶ 4        Defendant pled guilty to counts I through V of the indictment. At defendant's sentencing hearing, several witnesses testified, including Dale King, who talked about how much he

missed his wife and about his debilitating injuries, including the loss of one leg and the loss of use of one arm.

¶ 5 Following the testimony at the sentencing hearing, the trial court stated that it considered both mitigating and aggravating factors. In mitigation, the trial court found that defendant had no history of prior delinquency, that defendant's criminal conduct was a result of circumstances not likely to recur, and that the character and attitude of defendant indicate that she is unlikely to commit another crime. In aggravation, the court found that defendant's conduct caused or threatened serious harm and that a prison sentence was necessary to deter others from committing the same crime. The court explained that Mr. King "is suffering" and "will continue to suffer." The court did not find that "extraordinary circumstances" existed, requiring probation instead of imprisonment. The trial court sentenced defendant to concurrent terms of six years' imprisonment on count I and two years' imprisonment on count II.

¶ 6                                        I

¶ 7                                        A

¶ 8 Defendant argues that her equal protection and due process rights were violated because there is no rational basis for marijuana to be included in the list of unlawful substances in the DUI statute.

¶ 9 The DUI statute states that a person is guilty of DUI if he drives or is in physical custody of a vehicle while "there is any amount of a drug, substance, or compound in the person's breath, blood, or urine resulting from the unlawful use or consumption of cannabis listed in the Cannabis Control Act, a controlled substance listed in the Illinois Controlled Substances Act, an intoxicating compound listed in the Use of Intoxicating Compounds Act, or methamphetamine as listed in the Methamphetamine Control and Community Protection Act." 625 ILCS 5/11-501(a)(6) (West 2010). A DUI is elevated to an aggravated DUI if the person under the influence of alcohol, other drugs, or intoxicating compounds is involved in a motor vehicle accident that results in great bodily harm or permanent disability or disfigurement to another, or death of another person. 625 ILCS 5/11-501(d)(1)(C), (F) (West 2010).

¶ 10 "Statutes are presumed constitutional." *People v. Fate*, 159 Ill. 2d 267, 271 (1994). The burden of rebutting that presumption is on the party challenging the validity of the statute to clearly demonstrate a constitutional violation. *People v. Coleman*, 409 Ill. App. 3d 869, 877 (2011). A court, whenever reasonably possible, must construe a statute to uphold its constitutionality. *Id.*

¶ 11 A statute does not run afoul of due process if it constitutes a proper exercise of police power. Se*e People v. Avery*, 277 Ill. App. 3d 824, 831 (1995). "The test for determining whether a statute constitutes a proper exercise of the police power is whether the legislation bears a rational relationship to the interests sought to be protected, and whether the means adopted constitutes a reasonable method by which to accomplish the objective." *Fate*, 159 Ill. 2d at 271.

¶ 12 Under the equal protection clause, a statute that does not affect a fundamental right or involve a suspect or quasi-suspect classification will be reviewed under the rational basis test.

See *People v. Mobley*, 383 Ill. App. 3d 89, 93 (2008). A statute will pass muster if "the means the statute employs to achieve its purpose are rationally related to that purpose." *Wauconda Fire Protection District v. Stonewall Orchards, LLP*, 214 Ill. 2d 417, 434 (2005).

¶ 13 The State first argues that defendant has waived her right to challenge the constitutionality of the aggravated DUI statute by pleading guilty to aggravated DUI. In *People v. Winningham*, 391 Ill. App. 3d 476, 480 (2009), the Fourth District addressed the constitutionality of this statute on appeal, following a defendant's guilty plea, explaining, "the constitutionality of a criminal statute can generally be raised at any time." We will examine the constitutionality of the aggravated DUI statute despite defendant's guilty plea.

¶ 14                                                            1

¶ 15 Our supreme court has ruled that the DUI statute, which is "intended to keep drug-impaired drivers off of the road," does not constitute "a violation of due process of law." *Fate*, 159 Ill. 2d at 269. The court stated that the DUI statute, which criminalizes "the act of driving a motor vehicle while there is any amount of a drug, substance or compound in such person's blood or urine resulting from the unlawful use of said drug, substance or compound is a proper exercise of the State's police power in curbing the incidence of drugged driving." *Id*. The court said:

> "The statute in question creates an absolute bar against driving a motor vehicle following the illegal ingestion of any cannabis or controlled substance. This is without regard to physical impairment. Given the vast number of contraband drugs, the difficulties in measuring the concentration of these drugs with precision from blood and urine samples and, finally, the variation in impairment from drug to drug and from person to person, we believe that the statute constitutes a reasonable exercise of the police power of the State in the interest of safe streets and highways." *Id*. at 271.

¶ 16                                                            2

¶ 17 In examining the constitutionality of the DUI statute in *People v. Gassman*, 251 Ill. App. 3d 681, 692-93 (1993), the court stated that since the statute "burdens no fundamental right and implicates no suspect classification," it does not violate equal protection or due process rights as long as it bears a rational relation to a legitimate state interest. Finding that the state "has a legitimate interest in protecting the public from drivers whose driving ability may be impaired by the consumption of controlled substances" and that the statute bears a rational relation to that interest, the court ruled that the DUI statute does not violate the equal protection or due process clause. *Id*. at 692-93.

¶ 18 The legislative history of the DUI statute reveals that it was enacted "to protect the public against the danger of those who drive while under the influence of cannabis or other illegal drugs." *Id*. at 691. This is a legitimate state interest. *Id*. at 693. The DUI statute, which penalizes drivers who deliberately ingest illegal drugs, is a reasonable way to accomplish that purpose. See *id*. at 692-93. Thus, the DUI statute does not violate due process or equal protection.

## B

Nevertheless, defendant argues that the DUI statute violates the equal protection and due process clauses of the constitution because it treats a driver under the influence of marijuana the same as a driver under the influence of more "serious" drugs. In support of her position, she relies on the supreme court's decision of *People v. McCabe*, 49 Ill. 2d 338 (1971). In *McCabe*, the court held that the inclusion of marijuana in the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, ¶ 22-1 *et seq.*) (which included drugs such as morphine, heroin and cocaine), rather than the Drug Abuse Control Act (Ill. Rev. Stat. 1969, ch. 38, ¶ 801 *et seq.*) (which included drugs such as psilocybin, peyote, mescaline, LSD, hashish, and methamphetamine), was a violation of the equal protection clause. *McCabe*, 49 Ill. 2d at 351. The court explained that the physical symptoms and reactions of marijuana use include "the inability to coordinate voluntary muscular movements," "a euphoric state of altered consciousness," disturbed spatial conception, confusion, disorientation, "[v]ivid hallucinations," and "temporary psychotic episodes." *Id*. at 344. The court concluded that based on its chemical properties and effects on the user, "marijuana more closely resembles drugs placed in the Drug Abuse Control Act." *Id*. at 349. Since marijuana was closer in character to the substances contained in the Drug Abuse Control Act and "dissimilar from drugs under the Narcotic Drug Act," the supreme court ruled that the inclusion of marijuana in the Narcotic Drug Act was "arbitrary" and "offends the equal-protection clause of the United States [C]onstitution." *Id*. at 349-50.

Unlike the statute at issue in *McCabe*, which grouped marijuana only with "hard drugs" like heroin and cocaine, the DUI statute groups marijuana with all other drugs and intoxicating compounds. See *id*. at 347; 625 ILCS 5/11-501(a)(6) (West 2010). Because the DUI statute treats all individuals who ingest illegal substances the same and bears a rational relationship to the state's legitimate interest "in protecting the public from drivers whose driving ability may be impaired by the consumption of controlled substances," it is a proper exercise of the state's police power to keep the streets and highways safe. *Gassman*, 251 Ill. App. 3d at 693; see *Fate*, 159 Ill. 2d at 271. Thus, it does not violate the equal protection or due process clauses. See *Fate*, 159 Ill. 2d at 270-71; *Gassman*, 251 Ill. App. 3d at 692-93.

## C

Finally, defendant argues that "[t]he push to legalize marijuana" supports the conclusion that marijuana should not be included in the DUI statute. We disagree for several reasons. First, despite the movement to legalize marijuana, possession of marijuana is illegal in the state of Illinois. 720 ILCS 550/4 (West 2012). In the states that have legalized the use of marijuana, it is still illegal to drive under the influence of marijuana. See Colo. Rev. Stat. § 42-4-1301(1)(a) (2013); Wash. Rev. Code § 46.61.502(1)(b)-(d) (2012). Physical reactions to marijuana may include "the inability to coordinate voluntary muscular movements," "a euphoric state of altered consciousness," disturbed spatial conception, confusion, disorientation, "[v]ivid hallucinations," and "temporary psychotic episodes." *McCabe*, 49 Ill. 2d at 344. Someone experiencing such symptoms surely would not be able to drive safely. Individuals who deliberately drive under the influence of marijuana and other drugs present "a

severe problem to society." *Gassman*, 251 Ill. App. 3d at 693. The penalties prescribed by the DUI statute are appropriate.

¶ 24                                                                    II

¶ 25                                                                    A

¶ 26     Defendant also argues that the trial court abused its discretion in sentencing her to concurrent terms of six and two years of imprisonment for two counts of aggravated DUI.

¶ 27     "[T]he range of sentences permissible for a particular offense is set by statute." *People v. Fern*, 189 Ill. 2d 48, 55 (1999). "Within that statutory range, the trial court is charged with fashioning a sentence based upon the particular circumstances of the individual case, including the nature of the offense and the character of the defendant." *Id.* "The sentencing judge is to consider 'all matters reflecting upon the defendant's personality, propensities, purposes, tendencies, and indeed every aspect of his life relevant to the sentencing proceeding.' " *Id.* (quoting *People v. Barrow*, 133 Ill. 2d 226, 281 (1989)).

¶ 28     "A sentence within statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." *Id.* at 54. A reviewing court must afford great deference to the trial court's judgment regarding sentencing because that court, having observed the defendant and the proceedings, is in a far better position to consider such factors as the defendant's credibility, demeanor, moral character, mentality, social environment, and habits. *People v. Romero*, 387 Ill. App. 3d 954, 978 (2008). In considering the propriety of a sentence, the reviewing court must not substitute its judgment for that of the trial court and may not reduce a defendant's sentence unless it constitutes an abuse of the trial court's discretion. *Id.*

¶ 29     In sentencing a defendant, the trial judge may not consider factors implicit in the underlying offense. *People v. Brewer*, 2013 IL App (1st) 072821, ¶ 55. However, a judge may consider the nature and circumstances of the offense, including the nature and extent of each element of the offense committed by the defendant. *Id.* The degree of harm to a victim may be considered as an aggravating factor even in cases where serious bodily harm is implicit in the offense. *People v. Solano*, 221 Ill. App. 3d 272, 274 (1991).

¶ 30     The sentence for a defendant convicted of aggravated driving while under the influence of drugs resulting in "great bodily harm or permanent disability or disfigurement to another" is 1 to 12 years' imprisonment. 625 ILCS 5/11-501(d)(1)(C), (2)(F) (West 2010). The sentence for a defendant convicted of aggravated DUI resulting in the death of one person is 3 to 12 years in prison "unless the court determines that extraordinary circumstances exist and require probation." 625 ILCS 5/11-501(d)(2)(G) (West 2010). The plain language of the statute creates the presumption that a defendant shall serve a prison sentence. *People v. Hambrick*, 2012 IL App (3d) 110113, ¶ 21. A trial court may override the presumption if it finds, in its discretion, that " 'extraordinary circumstances' " exist, requiring probation. *Id.*

¶ 31     "Extraordinary" circumstances are those that are "not ordinary, 'highly unusual,' and 'not commonly associated with a particular thing or event.' " *People v. Vasquez*, 2012 IL App (2d) 101132, ¶ 70 (quoting Black's Law Dictionary 260 (8th ed. 2004)). "[T]he existence of

extraordinary circumstances is rare." *People v. Ikerman*, 2012 IL App (5th) 110299, ¶ 59; see also *Hambrick*, 2012 IL App (3d) 110113, ¶ 23 (a court should find extraordinary circumstances "only in limited circumstances"). The presence of mitigating factors does not equate to "extraordinary circumstances." *Vasquez*, 2012 IL App (2d) 101132, ¶ 70.

¶ 32     In this case, the trial court stated that an aggravating factor was that "defendant's conduct caused or threatened serious harm." The court then discussed how Mr. King has "suffered" and "will continue to suffer." The trial court's consideration of this factor was not an abuse of discretion. Although "serious harm" is implicit in aggravated DUI with great bodily harm, it was not improper for the court to consider the degree of harm suffered by one of defendant's victims. See *Solano*, 221 Ill. App. 3d at 274. Defendant's conduct seriously injured one person and killed another. The trial court's sentence of concurrent terms of six and two years' imprisonment was not an abuse of discretion. See *People v. Merrick*, 2012 IL App (3d) 100551, ¶¶ 30-36 (trial court did not abuse its discretion by imposing eight-year term of imprisonment for defendant convicted of aggravated DUI that resulted in death).

¶ 33                                          B

¶ 34     Defendant argues that "extraordinary circumstances" exist requiring probation, rather than imprisonment. She says that she was a young and inexperienced driver, driving for the first time at night, on a "rough and bumpy" road. We find no error in the trial court's finding that "extraordinary circumstances" were lacking in this case. Although there were mitigating circumstances, such as defendant's young age, lack of prior criminal history, and admission of guilt, these circumstances are not "extraordinary" requiring that defendant receive probation instead of incarceration. See *Vasquez*, 2012 IL App (2d) 101132, ¶ 69 (defendant was 23 years old with no meaningful criminal history); *People v. Winningham*, 391 Ill. App. 3d 476, 485 (2009) (defendant had no criminal history and made an open guilty plea). Defendant made a bad choice by smoking marijuana and driving. That choice resulted in the death of one person and the disability of another. The trial court's sentence of concurrent terms of six and two years of imprisonment was not an abuse of discretion.

¶ 35     The judgment of the circuit court of Tazewell County is affirmed.

¶ 36     Affirmed.

¶ 37     JUSTICE SCHMIDT, specially concurring.

¶ 38     I concur in the majority's opinion, but write separately to point out the obvious. Defendant's argument that the push to legalize marijuana supports the conclusion that marijuana should not be included in the DUI statute is a *non sequitur*. The DUI statute criminalizes driving under the influence of many legal substances, including alcohol and prescription medications.