2019 IL App (3d) 180171

Opinion filed July 23, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0171 Circuit No. 13-CF-51 |
| | ) ) | Honorable |
| DANIEL CARL MINOR, | ) ) | Timothy J. Cusack Frank W. Ierulli |
| Defendant-Appellant. | ) | Judges, Presiding |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Presiding Justice Schmidt and Justice Lytton concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant Daniel Minor pleaded guilty to aggravated driving under the influence (DIU) causing a death and driving while his license was suspended. The charges and convictions arose from a single-vehicle accident in which the vehicle Minor was driving left the road and his passenger was ejected and killed. Subsequent blood tests revealed that Minor had cannabinoids in his system. The trial court sentenced Minor to 12 years' imprisonment. He appeals the constitutionality of the DUI statute and the length of his sentence. We affirm his conviction and sentence.

¶ 2                                    FACTS

¶ 3        Defendant Daniel Minor was charged with aggravated DUI (625 ILCS 5/11-501(a)(6), (d)(1)(F) (West 2012)), driving while his driver's license was suspended (625 ILCS 5/6-303(a) (West 2012)), and improper lane usage (625 ILCS 5/11-709(a) (West 2012)). The indictments alleged that Minor drove with an amount of cannabis in his breath, blood or urine, was involved in an accident proximately causing a death, while his license was suspended, and did not drive as nearly as practicable in a single lane.

¶ 4        In February 2013, the trial court released Minor on pretrial bond supervision, ordering him to comply with a number of conditions, such as maintaining employment, staying clean and sober, submitting to blood testing, and participating and completing any recommended counseling or treatment. Minor pleaded guilty to aggravated DUI and driving while his license was suspended; the improper lane usage charge was dismissed. The factual basis provided that Minor's vehicle left the roadway and rolled, ejecting the passenger, who was killed. Minor told law enforcement that he swerved to avoid an animal, had smoked cannabis two days earlier, and was aware his license had been suspended. Subsequent tests of Minor's blood and urine revealed an unidentified amount of tetrahydrocannabinol (THC).

¶ 5        Sentencing took place on June 21, 2013. A presentence investigation (PSI) report revealed that Minor was 34 years old, had prior convictions for battery in 1995, aggravated battery in 1997, possession of cannabis in 1999 and 2000, obstruction of justice in 2000 and minor traffic offenses. He had served concurrent five-year prison terms when a term of probation was revoked. Minor had a 14-year-old son. His parents physically abused each other and divorced when he was 8 years old. His father was an alcoholic and his mother had multiple marriages. Minor completed three years of high school and obtained a general education diploma

(GED) in 1997. He had some employment history and a history of alcohol and cannabis abuse. He was in residential treatment in 2001 and was in outpatient treatment when the PSI was prepared. Attached to the PSI were several letters in mitigation that discussed Minor's positive characteristics, his attempts to quit cannabis and his remorse over the victim's death. Also attached was documentation of his coursework at Heartland Community College. Victim impact statements were presented from the victim's mother, fiancée, sister, son, and friend.

¶ 6        Three people testified for Minor in mitigation. Mario Dortch and Kate Walden knew Minor for approximately nine months to one year from Narcotics Anonymous and other 12-step recovery programs. Dortch testified that Minor took the program seriously and had turned around his life. Walden testified that Minor completed extra service hours and helped others. Christina Mondragon testified that she was dating Minor and had known him since high school. She described him as noble, reliable, kind-hearted and loving. In her view, he would go out of his way to help anyone in need.

¶ 7        Minor testified. He and his passenger were on their way to work the day of the accident. They were lost, so his passenger removed his seat belt to call their boss for directions. Minor saw an animal cross the road, swerved to avoid it and lost control of the car. Minor flagged down a passing driver to call 911. He was remorseful and had a "really hard" time coping with the passenger's death. He did not smoke cannabis the morning of the accident but had used it two days earlier. He attended treatment and learned coping methods and how to alter his addiction mindset.

¶ 8        Minor was attending 12-step programs and studying nutrition at Heartland Community College. He had part-time jobs at Best Buy and a grocery store. He had recently been arrested with a friend in McLean County for cannabis possession and resisting police but believed the

cannabis charge would be dismissed and he would be sentenced to community service for the resisting charge. Minor completed all the terms of his pretrial bond.

¶ 9    The court found Minor's conduct caused serious physical harm, he had a criminal history and there was a need to deter others to save a life in the future. The court also noted the McLean County charges that were pending. The trial court acknowledged that Minor had made some changes and was unlikely to commit another crime but found the factor not relevant. Although the court found Minor rehabilitated, it further found that it took a death to turn him around and that Minor "should have known what was going to happen that day." The court found Minor's sobriety, while commendable, would not bring back the life of his passenger. Finally, the court found that Minor had failed to pay attention to what happened in his life in 2001, when he previously attended treatment. The trial court rejected a term of probation, finding it would not be appropriate. The court imposed a 12-year prison sentence for aggravated DUI and a judgment of conviction for driving while his license was suspended.

¶ 10    Minor moved to reconsider the sentence. He argued he deserved a lesser sentence in that he pleaded guilty, accepted responsibility, sought help at the accident scene, the passenger removed his seat belt prior to the crash, Minor had used cannabis two days earlier, and fully complied with his pretrial release order. The McLean County charges were dismissed on June 24, 2013. His older criminal offenses occurred when he was 19 and 22 years old. Minor was attending 12-step meetings and made substantial lifestyle changes. Minor obtained new counsel, who adopted the earlier motion to reconsider and added an additional argument that the trial court improperly considered in aggravation the victim's death, an element inherent in the aggravated DUI offense, and noted that the McLean County charges were dismissed.

¶ 11     A hearing took place on Minor's motion to reconsider. Minor testified. From November 2011 until a week before the accident, Minor cared for his grandfather, who suffered from Alzheimer's. He did not smoke cannabis the day of the accident. He discussed the McLean County charges. While in the DOC, he participated in Bible groups and worked with other inmates regarding the dangers of smoking cannabis. He wanted to make amends for his bad decisions.

¶ 12     The trial court admitted it had improperly considered the victim's death at the first sentencing hearing. The court considered that it could look at the effect of the death on the victim's family as part of the seriousness of the offense. The court found the dismissed McLean County charges troubling in that they reflected another incident involving Minor and drugs. The court found Minor was rehabilitated "to some extent" but rehabilitation did not happen in six months. The court acknowledged Minor's progress but determined that a sentence was necessary to deter others, "to keep people from driving on the roads in such a condition that other people do die." The trial court denied the motion to reconsider and reimposed a 12-year term of imprisonment.

¶ 13     In February 2014, Minor filed another motion to reconsider his sentence, which was heard and denied in April 2014. Minor appealed. This court reversed and remanded based on a defective Rule 604(d) certificate (Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013)). *People v. Minor*, 2017 IL App (3d) 160127-U. On remand, counsel filed a new Rule 604(d) certificate and a new motion to reconsider the sentence. The motion argued the sentence was excessive, the trial court considered improper factors in calculating the sentence, Minor had been drug free since the accident and had only a few disciplinary tickets in prison, completed some college coursework and earned two vocational certificates. The motion also argued that the State did not present any

5

evidence contradicting his claim that he last smoked cannabis two days before the accident but not the day of it.

¶ 14   The motion to reconsider was heard by a new judge on March 15, 2018. Minor testified, admitted he had been a cannabis user but claimed he had not used it since the accident. He had not known that having cannabis in his system would result in a DUI. He would not have driven had he known. After the accident, he used the city bus and did not drive. He did everything he could to stay clean and developed other ways to deal with life. He apologized to the victim's family and to his family. At the time of the hearing, he was housed in a minimum-security prison and was transferring to a less secure facility. Minor admitted it was wrong to smoke cannabis but he did not believe cannabis caused the accident. His postrelease plans were to pursue training in heating and air conditioning. The trial court considered the new evidence, praised Minor for his efforts and denied the motion to reconsider. Minor appealed.

¶ 15                                    ANALYSIS

¶ 16   The issues on appeal are whether section 11-501(a)(6) of the Motor Vehicle Code (Code) (625 ILCS 5/11-501(a)(6) (West 2012)) was unconstitutional and whether his 12-year sentence was excessive and based on improper factors.

¶ 17   Before we consider the substantive issues on appeal, we must address the State's motion to add authority, which we took with the case. The State asks us to consider cases that prevent this court from reviewing evidence and studies that were not presented in the trial court. See *People v. Morgan*, 2015 IL App (1st) 131938, ¶ 97 (citing *People v. Canulli*, 341 Ill. App. 3d 361, 367-68 (2003)); *People v. Heaton*, 266 Ill. App. 3d 469, 476 (1994) (citing *People v. Bosley*, 197 Ill. App. 3d 215, 223 (1990)). We deny the State's motion.

¶ 18        Turning to the substantive issues, we begin with Minor's constitutional claim. He argues that the statute in effect at the time he pleaded guilty was unconstitutional in that it was not reasonably related to the legislative objective of keeping cannabis-impaired drivers off the road. According to Minor, because the statute does not pass the rational basis test, his conviction must be reversed.

¶ 19        The test for the constitutionality of legislation that does not affect a fundamental right is the rational basis test, under which a statute is upheld when it "bears a reasonable relationship to a public interest to be served, and the means adopted are a reasonable method of accomplishing the desired objective." *People v. Adams*, 144 Ill. 2d 381, 390 (1991). Criminal statutes that could punish innocent conduct violate due process because they are not designed to achieve their purpose. *People v. Wright*, 194 Ill. 2d 1, 25 (2000). This court reviews the constitutionality of a statute *de novo*. *People v. Madrigal*, 241 Ill. 2d 463, 466 (2011).

¶ 20        In 2012, the DUI statute provided that a person should not drive when "there is any amount of a drug, substance, or compound in the person's breath, blood, or urine resulting from the unlawful use or consumption of cannabis listed in the Cannabis Control Act." 625 ILCS 5/11-501(a)(6) (West 2012). The DUI statute was designed to keep impaired drivers off the road. *People v. Fate*, 159 Ill. 2d 267, 269 (1994). The statute penalized people who drove with cannabis in their systems and was a reasonable means to accomplish its objective. *People v. Rennie*, 2014 IL App. (3d) 130014, ¶ 18. Because it was unlawful to possess any amount of a controlled substance, the State needed only to establish that the defendant used a controlled substance prior to driving. *People v. Martin*, 2011 IL 109102, ¶ 16 (2011).

¶ 21        The statute at issue was later amended and eliminated cannabis offenses from that provision. See 625 ILCS 5/11-501(a)(6) (West 2016). A new subsection was added prohibiting a

7

person from driving who has "within 2 hours of driving or being in actual physical control of a vehicle, a tetrahydrocannabinol concentration in the person's whole blood or other bodily substance as defined in paragraph 6 of subsection (a) of Section 11-501.2 of this Code." 625 ILCS 5/11-501(a)(7) (West 2016). "Tetrahydrocannabinol concentration means either 5 nanograms or more of delta-9-tetrahydrocannabinol per milliliter of whole blood or 10 nanograms or more of delta-9-tetrahydrocannabinol per milliliter of other bodily substance." 625 ILCS 5/11-501.2(a)(6) (West 2016).

¶ 22    The State relies on the supreme court's decision in *People v. Fate*, 159 Ill. 2d 267 (1994), as support for its position that the constitutionality of section 11-501(a)(6) has been established and remains good law. The State also argues, correctly, that this court cannot overrule the decisions of the supreme court. See *People v. Muhammad*, 398 Ill. App. 3d 1013, 1017 (2010). However, the state of technology today distinguishes *Fate* and negates its reasoning. The *Fate* court discussed that there was no standard by which it could be determined whether one's driving was impaired by the driver's use of cannabis. *Fate*, 159 Ill. 2d at 270. For that reason, it was necessary that the statute provided for a flat prohibition. *Id*. The flat prohibition accounted for the "difficulty of ascertaining whether drug use has in fact impaired the driver's ability." *People v. Gassman*, 251 Ill. App. 3d 681, 691 (1993).

¶ 23    The outdated perspective espoused in *Fate* and *Gassman* is not aligned with the current scientific ability to detect the presence of active THC or with the reality that cannabis use is widespread. See 720 ILCS 550/1 (West 2016). The legislature recognized the advances in technology and the changing societal attitudes when it amended the DUI statute to remove cannabis from the flat prohibition subsection. See 625 ILCS 5/11-501(a)(6)) (West 2016); 625 ILCS 6/11-501(a)(7) (West 2016); 720 ILCS 550/1 (West 2016) (recognizing the current state of

8

scientific and medical knowledge, the widespread use of cannabis and the negative effects of criminalizing recreational cannabis use).

¶ 24　　Minor argues the prior statute was grossly overinclusive, not reasonably related to the State's goals of keeping cannabis-impaired drivers off the road, and therefore unconstitutional. It is the strict liability nature of the prior statute that Minor asserts results in the criminalization of innocent conduct. In his case, he maintains his use of cannabis two days prior to the accident did not affect his driving or cause the accident. As such, he submits, he and others convicted under the statute were penalized for innocent conduct.

¶ 25　　We do not consider the fact that the statute was amended sometime after Minor's conviction necessitates the conclusion that the prior version was unconstitutional. Rather, the earlier version was in accord with the scientific limitations of the time concerning the ability to detect the amount of cannabis within a driver's system. We construe statutes according to their intended construction when they were passed. *People v. Maldonado*, 386 Ill. App. 3d 964, 971 (2008) (citing *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 441 (2008)). At the time Minor was convicted, science could not determine how much cannabis a person would need to ingest to be impaired while driving. Accordingly, the flat prohibition was reasonably related to the legislative goal of preventing cannabis-impaired driving. Therefore, Minor's constitutional argument must fail.

¶ 26　　The second issue is whether Minor's sentence was excessive and based on improper factors. Minor complains that the trial court imposed an excessive sentence and, in the alternative, that the court improperly considered the fact that the passenger died as a factor in aggravation and failed to put proper weight on factors in mitigation.

9

¶ 27    A sentence should be determined based on the seriousness of the offense and the objective to restore the offender to "useful citizenship." Ill. Const. 1970, art. I, § 11. The trial court has discretion in deciding a sentence. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). The court considers the following factors in fashioning a sentence: the nature and circumstances of the offense and the defendant's personal history, including age, demeanor, habits, mentality, credibility, criminal history, general moral character, social environment and education. *People v. Quintana*, 332 Ill. App. 3d 96, 109 (2002).

¶ 28    Factors in mitigation include, in part: the defendant's criminal conduct neither caused nor threatened physical harm; the defendant did not contemplate his conduct would threaten or cause serious physical harm; the defendant's lack of criminal activity and leading of a law-abiding life for a substantial period before the instant offense; the criminal conduct was unlikely to recur; the defendant's attitude and character indicate he is unlikely to reoffend; the defendant is likely to comply with probation. 730 ILCS 5/5-5-3.1(a)(1), (2), (7), (8), (9), (10) (West 2012). Factors in aggravation include: the defendant's conduct threatened or caused serious harm, the defendant's criminal history and the sentence is necessary to deter others. 730 ILCS 5/5-5-3.2(a)(1), (3), (7) (West 2012). This court reviews a trial court's sentencing determination for an abuse of discretion. *People v. Patterson*, 217 Ill. 2d 407, 448 (2005). Whether the court employed an improper factor in fashioning the sentence this court reviews *de novo*. *People v. Mauricio*, 2014 IL App (2d) 121340, ¶ 15.

¶ 29    The applicable sentencing factors include Minor's criminal history spanning convictions beginning in 1995 through 2009. He had been sentenced to probation on some of the offenses but his probation was revoked and he served a Department of Corrections's sentence. He had unpaid costs remaining on his prior convictions. Minor expressed remorse, but as the trial court

10

observed, he did not acknowledge that he was driving on a suspended license and should not have been behind the wheel. The sentencing range for an aggravated DUI, a Class 2 felony, was 3 to 14 years' imprisonment. 625 ILCS 5/11-501(a)(6), (d)(1)(F), (d)(2)(G)(i) (West 2012). Minor was sentenced to a 12-year term of imprisonment. Minor's sentence was within the statutory range and supported by the factors.

¶ 30   Minor asserts that the factors in mitigation warrant a lesser sentence. He points to the progress he made following the accident and in prison to improve himself and his circumstances. He asserts that he has lived a law-abiding life since he committed his youthful offenses 12 years prior to the offenses at issue. However, as the court noted, during his pretrial supervision period, Minor was arrested in McLean County for resisting and possession of cannabis. He argues that the court should not have considered the McLean County charges. He maintained at the original sentencing that the charges were going to be dismissed, which they ultimately were. Nevertheless, it was not improper for the trial court to consider the McLean County charges. *People v. Nunez*, 263 Ill. App. 3d 740, 756 (1994) (court may consider pending charges) (citing *People v. Tarala*, 163 Ill. App. 3d 199, 201 (1987)). As the court observed, it was another situation involving Minor and cannabis.

¶ 31   Minor also complains that the court improperly considered that he caused the death of his passenger, which is an element inherent in the offense. *People v. White*, 114 Ill. 2d 61, 66 (1986) (court cannot consider factor inherent in offense when fashioning sentence as legislature already considered it in setting the sentencing range). The trial court admitted that it had improperly considered the death of the passenger in aggravation but again sentenced Minor to a 12-year term. Minor expands his previous argument that the court improperly considered an inherent element of the offense on the grounds that the trial court's consideration of the effect of his

11

passenger's death on the deceased family and friends was also improper and included an inherent element. Minor is incorrect. Victim impact evidence may be considered in deciding a sentence. *People v. Shaw*, 186 Ill. 2d 301, 352 (1998) (citing *Payne v. Tennessee*, 501 U.S. 808, 819-20 (1991)).

¶ 32　　　　Minor further complains about the trial court's consideration of the need to deter others. Minor claims the passenger's death was the result of the accident, accidental conduct cannot be deterred and any deterrent affect is speculative or questionable. Deterrence remains a statutory factor and the trial court properly considered it on that basis. The conduct the court sought to deter was not Minor swerving to avoid an animal in the road but the fact that he drove without a license and with cannabis in his system. Minor also argues that the court sentenced him for impaired driving where the State did not prove he was impaired. The subsection under which Minor was charged does not require the State to establish proof of impairment, only that there was cannabis in Minor's system. The trial court did not impose an excessive sentence or consider improper factors or fail to give credit to the factors in mitigation. We find Minor's 12-year sentence is not excessive or based on improper factors.

¶ 33　　　　　　　　　　　　　　　　CONCLUSION

¶ 34　　　　For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

¶ 35　　　　Affirmed.