2022 IL App (3d) 180088-B

Opinion filed March 1, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-18-0088 |
| v. | ) ) | Circuit No. 15-DT-1703 |
| ROBERT J. ROGERS, | ) ) | Honorable Chrystel L. Gavlin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Lytton and Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Robert J. Rogers, appeals from his conviction for driving while under the influence (DUI). Defendant argues (1) counsel provided ineffective assistance by failing to protect defendant's right to a speedy trial and (2) section 11-501(a)(6) of the Illinois Vehicle Code (hereinafter DUI(a)(6)) (625 ILCS 5/11-501(a)(6) (West 2014)) violated his right to due process. We initially reversed defendant's conviction, finding that he had received ineffective assistance of counsel. The supreme court reversed, finding that defendant did not receive ineffective assistance, and remanded the cause to this court for further proceedings. We now address defendant's second issue.

¶ 2

¶ 3        On November 25, 2015, a Joliet police officer investigated an automobile accident. The officer found defendant in physical control of a motor vehicle and suspected that defendant was "drunk or drugged." The officer charged defendant, by citation and complaint, with driving under the influence of drugs or combination of drugs under section 11-501(a)(4) of the Vehicle Code (hereinafter DUI(a)(4)) (*id.* § 11-501(a)(4)). Defendant was transported from the scene to an area hospital for treatment. During the treatment, defendant received a blood test. On December 1, 2015, the officer filed the citation and complaint.

¶ 4        On December 14, 2015, private counsel filed a demand for a speedy trial on defendant's behalf.

¶ 5        On April 6, 2016, the State filed a superseding information that charged defendant with two counts of DUI under DUI(a)(4) and DUI(a)(6) of the Vehicle Code (*id.* § 11-501(a)(4), (a)(6)). Both offenses were Class A misdemeanors. *Id.* § 11-501(c)(1). The case was continued, by agreement of the parties, to May 20, 2016.

¶ 6        On May 20, 2016, the State moved to continue the case. Defense counsel objected and announced that the defense was ready for trial. After the court granted the continuance, defense counsel agreed to toll speedy trial.

¶ 7        On June 27, 2016, the State filed a second motion to continue the case because a laboratory technician was unavailable to testify at trial. Defense counsel objected to the motion. The court granted the motion over counsel's objection. Defense counsel again agreed to toll speedy trial.

¶ 8        On September 20, 2016, the State requested a third continuance because a change to section 11-501 of the Vehicle Code required additional testing on defendant's blood sample. See Pub. Act 99-697 (eff. July 29, 2016) (amending 625 ILCS 5/11-501). Defense counsel objected and

2

announced that the defense was ready for trial. The court granted the State's motion over the defense objection and set the case for a bench trial on December 5, 2016. The court noted that the period counted against the State for purposes of speedy trial.

¶ 9　　　On October 28, 2016, the State filed a superseding three-count information. Count I charged defendant with DUI(a)(6). Count II charged defendant with DUI(a)(4). Count III charged defendant with a third Class A misdemeanor, driving while under the influence of cannabis (625 ILCS 5/11-501(a)(7) (West 2016)). The case remained set for a bench trial on December 5, 2016.

¶ 10　　　On December 1, 2016, the parties made an agreed motion to strike the December 5 trial date and toll the speedy trial clock until December 20, 2016.

¶ 11　　　After numerous additional continuances, the case proceeded to a stipulated bench trial on January 17, 2018. Before the trial began, the State dismissed counts II and III of the superseding information. The parties also stipulated that the arresting officer located defendant in actual physical control of a motor vehicle. Thereafter, defendant submitted to blood and urine testing. The parties stipulated to the introduction of two laboratory testing reports. The first report was dated March 3, 2016, and was from the Illinois State Police forensic science laboratory. It stated defendant's urine tested positive for the presence of an unspecified amount of tetrahydrocannabinol (THC) metabolite. The second report was dated October 31, 2016, and was from a private laboratory. It stated that defendant had 4.2 nanograms of THC per milliliter of blood and 17.4 nanograms of THC per milliliter of urine. The court found defendant guilty of DUI(a)(6) and sentenced defendant to 12 months' court supervision. Defendant appeals.

¶ 12　　　　　　　　　　　　　　II. ANALYSIS

¶ 13　　　Defendant first argues trial counsel provided ineffective assistance when counsel failed to protect his statutory right to a speedy trial. We initially found that (1) defendant had a statutory

3

right to the effective assistance of counsel and (2) counsel was ineffective for failing to assert a speedy trial violation that occurred after the State filed the first superseding information on April 6, 2016, which was subject to compulsory joinder, and the State continued the case on September 20 to December 5, 2016, over defendant's objection. In reaching this holding, we reviewed a district split on whether the compulsory joinder rule applies when the initial charge is filed by a police officer. See *People v. Thomas*, 2014 IL App (2d) 130660; *People v. Kazenko*, 2012 IL App (3d) 110529. We found the Second District's decision in *Thomas* persuasive and rejected our prior decision in *Kazenko* that held that the compulsory joinder rule did not apply.

¶ 14    Following our decision, the State filed a petition for leave to appeal to the supreme court, which was granted. The supreme court began by differentiating "between the right to *effective* counsel and the right to *appointed* counsel." (Emphases in original.) *People v. Rogers*, 2021 IL 126163, ¶ 22. In this case, although defendant retained private counsel, he was nonetheless entitled to effective counsel. *Id.* ¶ 23. Turning to defendant's ineffective assistance claim, the supreme court observed "Whether the [speedy trial] objection would have been meritless hinges on whether the compulsory-joinder rule applies and, in turn, whether the speedy-trial period expired." *Id.* ¶ 28. The supreme court concluded that, despite the conflict between the Second and Third Districts regarding the application of the compulsory joinder rule, counsel's speedy trial objection would have been meritless because

> "The circuit court of Will County sits in the Third District. Thus, the Third District decision in *Kazenko* controls. In conformity with *Kazenko*, the charges for which defendant sought to apply the compulsory-joinder rule were brought by the arresting officer through a uniform citation and complaint. Thus, pursuant to the rule announced in *Kazenko*, the additional 114-day delay was not attributable to the

4

State, and the compulsory-joinder rule did not apply. Counsel cannot be considered ineffective for failing to make or pursue what would have been a meritless motion or objection." *Id.* ¶ 32.

The supreme court reversed our decision finding defendant received ineffective assistance of counsel and remanded the cause to this court for further proceedings. *Id.* ¶ 34.

¶ 15   Following the supreme court's ruling, we must decide defendant's second issue, whether DUI(a)(6) violated defendant's right to due process. Criminal statutes that could punish innocent behavior violate due process because they are not designed to achieve their purpose. *People v. Wright*, 194 Ill. 2d 1, 25 (2000). To determine if DUI(a)(6) violated defendant's right to due process, we apply the rational basis test, as this section does not impact one of defendant's fundamental rights. *People v. Adams*, 144 Ill. 2d 381, 390 (1991). Under the rational basis test, we will uphold legislation that "bears a reasonable relationship to a public interest to be served, and the means adopted are a reasonable method of accomplishing the desired objective." *Id.* We review the constitutionality of a statute *de novo*. *People v. Madrigal*, 241 Ill. 2d 463, 466 (2011).

¶ 16   At the time of defendant's accident, DUI(a)(6) stated:

> "A person shall not drive or be in actual physical control of any vehicle within this State while:
>
> * * *
>
> (6) there is any amount of a drug, substance, or compound in the person's breath, blood, or urine resulting from the unlawful use or consumption of cannabis listed in the Cannabis Control Act[.]" 625 ILCS 5/11-501(a)(6) (West 2014).

¶ 17   Defendant argues that this version of DUI(a)(6) is unconstitutional because advances in cannabis metabolite analysis have rendered the zero-tolerance policy an unreasonable method of

5

accomplishing the legislative objective of protecting the public from drivers impaired by cannabis. Defendant further argues our supreme court's decision in *People v. Fate*, 159 Ill. 2d 267, 269 (1994), which held DUI(a)(6) was constitutional, is outdated. Specifically, due to advances in cannabis metabolite testing since *Fate*, it is no longer the case that " 'there is no standard that one can come up with by which, unlike alcohol in the bloodstream, one can determine whether one is—driving under the influence' " of cannabis. *Id.* at 270 (quoting 86th Ill. Gen. Assem., Senate Proceedings, May 25, 1989, at 23 (statements of Senator Barkhausen)). In support of this argument, defendant cites to Public Act 99-697 (eff. July 29, 2016), which amended sections 11-501(a) and 11-501.2 of the Vehicle Code to criminalize the act of driving a motor vehicle when a person "has, within 2 hours of driving or being in actual physical control of a vehicle, a [THC] concentration in the person's whole blood or other bodily substance as defined in paragraph 6 of subsection (a) of Section 11-501.2 of this Code." Section 11-501.2(a)(6) states: "[THC] concentration means either 5 nanograms or more of delta-9-[THC] per milliliter of whole blood or 10 nanograms or more of delta-9-[THC] per milliliter of other bodily substance." 625 ILCS 5/11-501.2(a)(6) (West 2018). In other words, section 11-501(a) no longer criminalizes the operation of a motor vehicle while a person has any cannabis metabolite in his or her body.

¶ 18    In the past few years, this court has reviewed the constitutionality of DUI(a)(6) twice. In *People v. Minor*, 2019 IL App (3d) 180171, ¶ 22, we reviewed the 2016 version of DUI(a)(6) and *Fate*. We observed that despite the 2016 changes to the Vehicle Code, *Fate* "remains good law" and we cannot overrule it. *Id.* We noted that although *Fate* "is not aligned with the current scientific ability to detect the presence of active THC or with the reality that cannabis use is widespread," at the time of Minor's conviction, science could not determine the amount of cannabis he would need

6

to ingest to be impaired. *Id.* ¶¶ 23, 25. We concluded that "the flat prohibition was reasonably related to the legislative goal of preventing cannabis-impaired driving." *Id.* ¶ 25.

¶ 19 Less than one year later, in *People v. Paranto*, 2020 IL App (3d) 160719, this court was presented with the same issue. Similar to *Minor* and the instant case, Paranto argued that scientific advances undermined *Fate*. *Id.* ¶ 17. We observed "when the supreme court ' "has declared the law on any point, *it alone can overrule and modify its previous opinion*, and the lower judicial tribunals are bound by such decision and it is the duty of such lower tribunals to follow such decision in similar cases." ' " (Emphasis in original.) *Id.* ¶ 18 (quoting *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 61, quoting *Price v. Philip Morris, Inc.*, 2015 IL 117687, ¶ 38). We concluded that "we are bound by our supreme court's decision in *Fate*, we find that the 2014 version of [DUI](a)(6), under which defendant was convicted, remains constitutional." *Id.*

¶ 20 The instant defendant, like *Minor* and *Paranto* before him, was charged under DUI(a)(6) in November 2015, before the 2016 amendments to the Vehicle Code became effective. See Pub. Act 99-697 (eff. July 29, 2016). At that time, DUI(a)(6) imposed a zero-tolerance policy for cannabis, and the *Fate* holding remained good law. As observed by *Minor* and *Paranto*, *Fate* directs our decision in this case. Accordingly, we find that DUI(a)(6), at the time of defendant's accident, bore a reasonable relationship to the legislative objective of keeping cannabis-impaired drivers off the road. DUI(a)(6) did not violate defendant's right to due process.

¶ 21 III. CONCLUSION

¶ 22 The judgment of the circuit court of Will County is affirmed.

¶ 23 Affirmed.

7

**No. 3-18-0088**

| | |
|---|---|
| **Cite as:** | *People v. Rogers*, 2022 IL App (3d) 180088-B |
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 15-DT-1703; the Hon. Chrystel L. Gavlin, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Peter A. Carusona, and Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |