NOTICE
Decision filed 09/25/15. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2015 IL App (5th) 130096

NO. 5-13-0096

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 12-CF-486 |
| | ) | |
| IDA WAY, | ) | Honorable |
| | ) | John Baricevic, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court, with opinion.
Justices Stewart and Schwarm concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Ida Way, appeals her conviction, following a stipulated bench trial in the circuit court of St. Clair County, for the offense of aggravated driving under the influence (DUI). For the following reasons, we reverse the defendant's conviction and remand for further proceedings.

¶ 2                                    FACTS

¶ 3    The facts necessary to our disposition of this appeal follow. They are derived from this court's review of the record on appeal. On March 30, 2012, the defendant was charged, by information, with three counts of aggravated DUI (625 ILCS 5/11-501(a)(6),

1

(d)(1)(C) (West 2010)), following an investigation into a traffic accident in which the defendant was involved on January 28, 2012. The accident resulted in serious injuries to the defendant's 14-year-old son, who was a passenger in the vehicle the defendant was driving, and to the driver of another vehicle, Emily Wood, who was pregnant at the time of the accident, but whose baby was later born healthy and has remained so. The defendant's son reported to responding police officers that the defendant "fell asleep" just prior to the accident. The State's theory of the case, as reflected in the wording of the charges, was that at the time of the accident, the defendant was operating her vehicle "while there was an amount of a drug, substance or compound in her breath, blood, or urine resulting from the unlawful use or consumption of cannabis."

¶ 4    On December 17, 2012, the State filed both its first and its second motions *in limine*. The first motion *in limine* is not relevant to the issues raised in this appeal. In the second motion, the State contended that the defendant's medical reports "suggest another possible reason for the defendant losing consciousness and causing the vehicle crash" in question. The State posited that pursuant to the decision of the Supreme Court of Illinois in *People v. Martin*, 2011 IL 109102, in an aggravated DUI case involving the presence of illegal drugs in a defendant's system, the State is not required to prove that impairment by the drugs was the proximate cause of the victims' deaths or injuries; to the contrary, the State need prove only that the defendant's driving was a proximate cause of the deaths or injuries. Pursuant to its understanding of the holding of *Martin*, the State asked the trial court to prohibit the defendant from introducing evidence, or making argument, with

regard to other possible reasons for the defendant's loss of consciousness prior to the accident.

¶ 5    On January 3, 2013, the defendant filed a response to the State's motion, arguing therein that although the defendant agreed that under *Martin*, the State did not have to prove impairment, the defendant nevertheless should be allowed to introduce evidence to rebut any presumption of impairment, because if the defendant were not allowed to do this, the statute would contain what the defendant deemed an "unconstitutional *** mandatory, irrebuttable presumption."

¶ 6    On January 4, 2013, the trial judge entered a written order in which he ruled in favor of the State. He first noted that the position of the defendant was, *inter alia*, "that the causal connection must be able to be rebutted." The trial judge disagreed, writing that his reading of the statute indicated a legislative intent to require "strict liability as to the accident." He ruled that "[t]he State must prove that there was an accident with the defendant driving one car," and that the injured person was injured "as a result of the accident." However, he added that in his opinion, "further causal connection is not required" because the statute "established a system that makes any driver responsible for the outcome of an accident if there is any level of drugs in the system" of that driver.

¶ 7    On January 7, 2013, the case proceeded to a stipulated bench trial. After ensuring that the defendant's waiver of her right to a jury trial was knowing and voluntary,[1] the

_____

[1]We commend the trial judge for his detailed and thorough admonishment of the defendant with regard to this and other procedural issues and rights throughout this case.

3

trial judge allowed the parties to stipulate to the following facts pertinent to this appeal: (1) a police officer who investigated the accident would testify that the defendant told him she had used cannabis at some point prior to the accident, and he found cannabis on the ground near her open purse; (2) the defendant's son would testify that the defendant, who was driving, "started to fall asleep" just prior to the accident, and he attempted to grab the steering wheel but could not stop the vehicle from crossing the center lane and crashing into Wood's vehicle; (3) a qualified forensic scientist would lay a proper foundation and would testify that the defendant's urine specimen, taken following the accident, contained THC metabolite, which results from the use of cannabis; and (4) both the defendant's son and Wood "suffered great bodily harm" as a result of the accident.

¶ 8     In addition to the above stipulations, counsel for the defendant noted that had there been a jury trial, and had he been allowed to do so, he would have called to testify: (1) the defendant, who would have testified that she did not use "any illegal drugs" on the day of the accident; and (2) the defendant's physician, Dr. Helen McDermott, who would have testified that the defendant has low blood pressure, and that "it is possible that the loss of consciousness right before the accident was caused by this condition and not caused by any particular drug." The trial judge found that although there was evidence of an "illegal substance" in the defendant's blood, there was nevertheless "not evidence of impairment." The judge reiterated that proof of impairment was not required pursuant to *Martin*, and ruled that sufficient evidence existed to find the defendant guilty of all three counts against her. He withheld entering judgment on the counts until the State could complete research and present argument regarding the merger of the counts.

4

¶ 9     On February 21, 2013, a sentencing hearing was held.  Wood testified that she had settled her civil litigation with the defendant's insurance company, and that the settlement was sufficient to cover her medical bills and "lost finances due to the crash."  The defendant testified, reiterating that although she had used cannabis prior to the accident, she had not used it on the actual day of the accident.  She acknowledged that at the time of the accident her driving privileges were revoked due to a prior DUI, and that she should not have been driving.  In allocution, the defendant apologized for the accident and expressed empathy for Wood and the injuries Wood sustained.  She stated as well that she was "glad [Wood's] baby is okay."

¶ 10    Following argument by the parties, the trial judge discussed factors in mitigation, stating that "level of impairment is absolutely a mitigation," and that "[t]here's another statute that the State could have charged if they believed there was impairment."  He also noted in mitigation the defendant's "acceptance and responsibility for her actions," and in aggravation the fact that the defendant's driving privileges were revoked at the time of the accident and that she "shouldn't have been behind the wheel."  Noting again that he found "no impairment," and that this is the defendant's first felony conviction, he sentenced the defendant to a term of imprisonment of 18 months in the Illinois Department of Corrections, to be followed by 1 year of mandatory supervised release.  The parties agreed, following their research, that the three counts merged; accordingly, the trial judge entered judgment and sentence on the first count only.  This timely appeal followed.

5

¶ 11                                    ANALYSIS

¶ 12    The sole issue presented on appeal by the defendant is that she was denied her right to present a defense at trial because she was not allowed to contest the "proximate cause" element of her aggravated DUI charge. The defendant points out the fundamental precept that an individual charged with a criminal offense has the right to present one or more defenses to the offense, and to present his or her " 'version of the facts as well as the prosecution's to the [trier of fact] so it may decide where the truth lies.' " *People v. Manion*, 67 Ill. 2d 564, 576 (1977) (quoting *Washington v. Texas*, 388 U.S. 14, 19 (1967)). "[C]onsistent with the right to present a defense, there is the right of an accused to show, by competent evidence, facts which tend to" negate one or more elements of the offense charged. *Id.* The State does not quarrel with this well-established precept; instead, the State contends the defendant was not denied her right to present evidence related to any of the elements of the offense with which she was charged, and that even if the trial judge erred in excluding the evidence the defendant wished to present, such error was harmless. We shall address these contentions in more detail below.

¶ 13    With regard to the defense the defendant wished to present at trial, the defendant correctly lays out the relevant statutory scheme: pursuant to section 11-501(a)(6) of the Illinois Vehicle Code (625 ILCS 5/11-501(a)(6) (West 2010)), a person in Illinois is prohibited from driving a vehicle while "there is any amount of a drug, substance, or compound in the person's breath, blood, or urine resulting from the unlawful use or consumption of cannabis" or certain other controlled substances. Violation of this prohibition is generally a Class A misdemeanor. 625 ILCS 5/11-501(c)(1) (West 2010).

6

However, violation of the prohibition constitutes aggravated DUI, and therefore is a felony, under certain delineated circumstances; the circumstance under which the defendant in the case at bar was charged and convicted, and therefore the circumstance relevant to this appeal, is when the person who violates the prohibition "was involved in a motor vehicle accident that resulted in great bodily harm or permanent disability or disfigurement to another, when the violation was a proximate cause of the injuries." 625 ILCS 5/11-501(d)(1)(C) (West 2010).

¶ 14    As noted above, the parties stipulated that the accident in question resulted in great bodily harm to both the defendant's son and Wood, and indeed stipulated to permanent disability to Wood in the form of continuing pain when walking. They also stipulated to the fact that the defendant had, in her system, THC metabolite, which results from the use of cannabis, and that the defendant was driving the vehicle that crossed into Wood's lane of traffic and struck Wood's vehicle. Moreover, the parties agree on appeal—and indeed agreed in the trial court—that the State was not required to show that impairment of the defendant by her use of cannabis was the proximate cause of the accident. The point of contention between the parties is what *does* have to be proved with regard to the proximate cause of the accident, and what kind of defenses a defendant may seek to introduce at trial in an effort to convince the trier of fact that the defendant's driving did not proximately cause the accident.

¶ 15    The State contends that this particular type of aggravated DUI is "a strict liability crime with no element of impairment," and that the State need prove only that the "defendant's driving was the proximate cause of the accident." The State maintains that

the trial court therefore properly granted the State's motion *in limine*. The defendant agrees that the State must prove that the defendant's driving proximately caused the accident, but argues that proximate cause requires, *inter alia*, foreseeability, and that therefore the defendant should have been allowed to introduce evidence that might have convinced the trier of fact that an unforeseeable sudden illness, rather than the defendant's driving, was the sole and proximate cause of the accident.

¶ 16    In support of this proposition, the defendant points to the body of law developed in civil cases involving the question of proximate cause, noting that it is well established that proximate cause requires both cause in fact and legal cause. See, *e.g.*, *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 455 (1992). As the Supreme Court of Illinois pointed out in *Lee*, these two requirements reflect "a policy decision that limits how far a defendant's legal responsibility should be extended for conduct that, in fact, caused the harm." *Id*. The requirement at issue in this case, legal cause, " 'is essentially a question of foreseeability.' " *Id*. at 456 (quoting *Masotti v. Console*, 195 Ill. App. 3d 838, 845 (1990)). In *Evans v. Brown*, 399 Ill. App. 3d 238, 246 (2010) (quoting *Wald v. Pittsburg, Cincinnati, Chicago & St. Louis R.R. Co.*, 162 Ill. 545, 551 (1896)), the appellate court noted the longstanding rule that " '[a] loss or injury is due to the act of God, when it is occasioned exclusively by natural causes such as could not be prevented by human care, skill[,] and foresight.' " Relying upon earlier cases, the court went on to hold that "[a] sudden illness or death that renders a driver incapable of controlling his [or her] car, provided that the event is unforeseeable and beyond the power of human intervention to prevent, is an act of God," but cautioned that "liability is only precluded if the alleged act

8

of God constitutes the sole and proximate cause of the injuries." *Id.* The court further held that the question of whether a sudden illness was foreseeable will almost always be a question of fact that must be presented to and resolved by the trier of fact, and that it harbored "strong reservations that, as a matter of law, an affirmative defense based on an act of God could ever prevail in a summary-judgment context when the plaintiff's injury arose out of an automobile accident." *Id*. at 249-50. That is because "[t]o conclude that a natural event was the sole and proximate cause of such an injury requires irrefutable and unequivocal evidence, an extremely rare commodity," and because "even when the evidence presented is seemingly unequivocal, different inferences may still reasonably flow" from that evidence. *Id*. at 250. Accordingly, evidence related to a sudden illness prior to an automobile accident will almost always raise a genuine issue of material fact that precludes summary judgment. *Id*. at 252. On the basis of this case law, the defendant in the case at bar contends that she should have been allowed to present to the trier of fact the testimony of her physician, Dr. Helen McDermott, that the defendant has low blood pressure, and that "it is possible that the loss of consciousness right before the accident was caused by this condition."

¶ 17    The State takes issue with the defendant's reliance on *Evans*, noting that no drugs or alcohol were involved in that case, that the State is aware of no criminal cases that allowed an "act of God" defense, and that at most, the alleged sudden illness of the defendant in this case would be *a* proximate cause of the accident, not the "sole" proximate cause of the accident required by *Evans*, which means that even if the exclusion of the evidence was in error, it would constitute harmless error. We find no

9

support in the record or in the law for the State's position. First, the fact that there were no drugs or alcohol involved in *Evans* is of no relevance to our analysis, because in this case the trial judge repeatedly found that there was no evidence of impairment of the defendant by alcohol or drugs. In other words, although the defendant's urine specimen, taken following the accident, contained THC metabolite, which results from the use of cannabis, it was the factual finding of the trial judge–uncontested by the State on appeal–that there was no evidence that the presence of the metabolite had any connection to the accident, and we therefore find it illogical to attempt to distinguish *Evans* on that basis.

¶ 18    Second, as the defendant points out, the Supreme Court of Illinois has repeatedly held that " 'the analogies between civil and criminal cases in which individuals are injured or killed are so close that the principle of proximate cause applies to both classes of cases.' " *People v. Hudson*, 222 Ill. 2d 392, 401 (2006) (quoting *People v. Lowery*, 178 Ill. 2d 462, 466 (1997)). That is because " '[c]ausal relation is the universal factor common to all legal liability.' " *Id*. In so doing, the Supreme Court of Illinois has repeatedly employed the same definition of proximate cause, and the same general analysis regarding foreseeability, that we have outlined above, albeit without specifically incorporating the "act of God" defense into criminal cases. See, *e.g.*, *id*. We see no logical reason, however, to bring part, but not all, of the civil law analysis regarding proximate cause into criminal cases, and the State has suggested none. Certainly, the General Assembly, in choosing to employ the term "proximate cause" in section 11-501(d)(1)(C) of the Illinois Vehicle Code (625 ILCS 5/11-501(d)(1)(C) (West 2010))

10

to explain when an offense would constitute aggravated DUI under circumstances such as those in the case at bar, was aware of the longstanding meaning of this term in Illinois, as well as the ramifications of its use, and had the General Assembly wished to limit the "proximate cause" analysis−by, for example, excluding the "act of God" defense−in aggravated DUI cases such as this one, it certainly would have chosen appropriate language to do so. Indeed, had the General Assembly wished to craft the "strict liability" offense the State claims exists in the case at bar, the General Assembly would have omitted the ending phrase "when the violation was a proximate cause of the injuries" and left the statute to state instead that aggravated DUI is committed when a driver violates section 11-501(a)(6) of the Illinois Vehicle Code (625 ILCS 5/11-501(a)(6) (West 2010)) and is "involved in a motor vehicle accident that result[s] in great bodily harm or permanent disability or disfigurement to another." The General Assembly did not craft the statute in this manner, and we decline to reshape it as the State desires.

¶ 19     Moreover, although the State repeatedly contends that pursuant to *People v. Martin*, 2011 IL 109102, ¶ 26, a "presumption of impairment" exists in aggravated DUI cases involving the presence of controlled substances, rather than alcohol, in a defendant's body, that point is undisputed: the parties agree, and this court agrees, that *Martin* stands for the proposition that the State is not required to prove impairment in such cases. However, the *Martin* court was not asked to address the question before this court, which as stated above is what must be proved with regard to the proximate cause of the accident, and what kind of defenses a defendant may seek to introduce at trial in an effort to convince the trier of fact that the defendant's driving did not proximately cause

11

the accident in question. Therefore, *Martin* is of limited relevance to the question before us, although the *Martin* court did recognize that in a case such as this one, "the central issue at trial will be proximate cause, not impairment" (*id.*), a point with which we agree.

¶ 20 Third, we cannot agree with the State that the exclusion of the evidence was harmless error. The State posits that the alleged sudden illness of the defendant may have been "a possible secondary reason for [the] defendant falling asleep" just prior to the accident, but because of the aforementioned "presumption of impairment" it could not be the sole and proximate cause of the accident. We agree with the defendant that neither *Martin* nor any other reported decision stands for such a sweeping proposition, and that in fact such a proposition is inconsistent with the declaration of the *Martin* court that in cases such as this one, proximate cause will be the central issue at trial. See *People v. Martin*, 2011 IL 109102, ¶ 26. Moreover, the defendant has never contended that the alleged sudden illness was merely a possible secondary reason for her loss of consciousness; to the contrary, her argument has always been that the trier of fact should have been allowed to hear evidence and to then decide whether the sudden illness was the sole and proximate cause of the accident. Based upon *Evans* and its progeny, as explained above, if the trier of fact decided the sudden illness was the sole and proximate cause of the accident, the defendant would prevail, as her driving would not be the legal cause of the accident and the injuries resulting therefrom; if the trier of fact decided the sudden illness was, as the State proposes, a secondary cause−or only one of several causes, or not related to the accident at all−the defendant would not prevail. But that was

for the trier of fact to decide, and it was not harmless error for the trial judge to rule otherwise. See, *e.g.*, *Evans v. Brown*, 399 Ill. App. 3d 238, 249-52 (2010).

¶ 21 That said, we offer no opinion as to the strength of the defendant's proposed evidence, nor do we know what evidence the State might have presented, or adduced during its cross-examination of Dr. McDermott, regarding how foreseeable the alleged sudden illness of the defendant was; certainly, if Dr. McDermott testified that the defendant had passed out before while driving, or had been advised that she might pass out while driving, such testimony could impact the trier of fact's analysis with regard to foreseeability. Nevertheless, the defendant should have been allowed to present her evidence, the State should have been allowed to attempt to discredit or rebut that evidence, and the trier of fact should have been allowed to evaluate it. Accordingly, we conclude that the defendant was denied her right to present a defense at trial. See, *e.g.*, *People v. Manion*, 67 Ill. 2d 564, 576 (1977).

¶ 22                                              CONCLUSION

¶ 23 For the foregoing reasons, we reverse the defendant's conviction and remand for further proceedings.


¶ 24 Reversed; cause remanded.

2015 IL App (5th) 130096

NO. 5-13-0096

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | St. Clair County. |
| v. | ) ) | No. 12-CF-486 |
| IDA WAY, | ) ) | Honorable John Baricevic, |
| Defendant-Appellant. | ) | Judge, presiding. |

**Opinion Filed:**     September 25, 2015

**Justices:**     Honorable James R. Moore, J.

Honorable Bruce D. Stewart, J., and
Honorable S. Gene Schwarm, J.,
Concur

**Attorneys for Appellant**     Michael J. Pelletier, State Appellate Defender, Ellen J. Curry, Deputy Defender, Maggie A. Heim, Assistant Appellate Defender, Office of the State Appellate Defender, Fifth Judicial District, 909 Water Tower Circle, Mt. Vernon, IL 62864

**Attorneys for Appellee**     Hon. Brendan F. Kelly, State's Attorney, St. Clair County Courthouse, 10 Public Square, Belleville, IL 62220, Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Sharon Shanahan, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 East Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864