# Illinois Official Reports

## Supreme Court

*People v. Way*, 2017 IL 120023

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. IDA WAY, Appellee. |
| Docket No. | 120023 |
| Filed | April 20, 2017 |
| Decision Under Review | Appeal from the Appellate Court for the Fifth District; heard in that court on appeal from the Circuit Court of St. Clair County, the Hon. John Baricevic, Judge, presiding. |
| Judgment | Appellate court judgment reversed. Circuit court judgment affirmed. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Brendan Kelly, State's Attorney, of Belleville (Carolyn E. Shapiro and David L. Franklin, Solicitors General, and Michael M. Glick and Erin M. Levin, Assistant Attorneys General, of Chicago, and Patrick Delfino, Stephen E. Norris, and Sharon D. Shanahan, of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for the People. |
| | Michael J. Pelletier, State Appellate Defender, Ellen J. Curry, Deputy Defender, and Maggie A. Heim, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee. |

Justices        JUSTICE THEIS delivered the judgment of the court, with opinion.

Justices Freeman, Thomas, Kilbride, and Burke concurred in the judgment and opinion.

Justice Garman specially concurred, with opinion, joined by Chief Justice Karmeier.

## OPINION

¶ 1        This appeal arises from the aggravated driving under the influence (DUI) conviction (625 ILCS 5/11-501(a)(6), (d)(1)(C) (West 2010)) of defendant, Ida Way, following a stipulated bench trial in the circuit court of St. Clair County. The circuit court barred defendant from introducing evidence that a medical condition possibly caused her to lose consciousness prior to hitting another vehicle, which resulted in serious injury to two people. The appellate court reversed and remanded for further proceedings. 2015 IL App (5th) 130096, ¶ 23. For the reasons that follow, we reverse the appellate court and affirm the circuit court.

¶ 2                                    BACKGROUND

¶ 3        On January 28, 2012, defendant drove over the centerline of a two-lane road in Shiloh, Illinois, and struck head-on a truck driven by Emily Wood. The accident resulted in great bodily harm and permanent disability to Wood, who was eight weeks pregnant at the time, and great bodily harm to Christopher Rodgers, defendant's 14-year-old son, who was a passenger in defendant's vehicle. Defendant consented to blood and urine samples on the day of the accident. The urine test revealed the presence of tetrahydrocannabinol (THC) metabolite, which results from cannabis use.

¶ 4        Defendant was charged with three counts of aggravated DUI (625 ILCS 5/11-501(a)(6), (d)(1)(C) (West 2010)). Section 11-501(a)(6) of the Illinois Vehicle Code makes it a misdemeanor offense to drive or be in actual physical control of any vehicle in this state while there is any amount of a drug, substance, or compound in the person's breath, blood, or urine resulting from the unlawful use or consumption of cannabis. 625 ILCS 5/11-501(a)(6) (West 2010). Section 11-501(d)(1)(C) of the Vehicle Code elevates the misdemeanor offense to felony aggravated DUI if the person, in committing the violation of subsection (a), was involved in a motor vehicle accident that resulted in great bodily harm or permanent disability or disfigurement to another, when the violation was a proximate cause of the injuries. 625 ILCS 5/11-501(d)(1)(C) (West 2010).

¶ 5        Prior to trial, both parties filed motions *in limine* concerning the admissibility and relevance of evidence suggesting a medical reason other than drug use for defendant falling asleep or losing consciousness and causing the vehicle crash. The State argued that pursuant to *People v. Martin*, 2011 IL 109102, such evidence is irrelevant in an aggravated DUI prosecution arising out of section 11-501(a)(6) of the Vehicle Code. The State asserted that it need only prove that there were drugs in defendant's system at the time of the accident and that her driving was the proximate cause of the automobile accident.

¶ 6        Defendant acknowledged in her motion that the State was not required to show impairment. She asserted, however, that she should be allowed to rebut the presumption of impairment and present an alternative basis for the cause of the accident. Specifically, she advanced that she "should be allowed to present evidence of non-impairment along with an alternative medical explanation for [her] loss of consciousness immediately before the accident." No medical records were presented to the trial court, and neither party described the nature of any medical evidence in their motions.

¶ 7        The trial court granted the State's motion *in limine* and denied defendant's motion. In a written order, the trial court stated that "[t]he State must prove that there was an accident with the defendant driving one car" and that the injured person was injured "as a result of the accident." The trial court rejected defendant's claim "that the causal connection must be able to be rebutted." The trial court found that the provision of the Vehicle Code at issue indicated a legislative intent to require "strict liability as to the accident."

¶ 8        The case proceeded to a bench trial. The parties stipulated that on the evening of January 28, 2012, defendant was driving when she crossed the centerline of traffic and collided head-on with Wood's truck. Christopher told police that prior to the collision, his mother "started to fall asleep and he felt the car shifting over." He "grabbed the wheel and jerked it back," but his mother "was sleeping and they hit [Wood's] car." Shiloh police officer Greg O'Neil arrived at the crash scene and observed Wood sitting in the driver's seat of a severely damaged vehicle, complaining of a broken leg. Wood was trapped in the vehicle. He also saw defendant sitting on the shoulder of the road with her son nearby. Officer O'Neil observed that defendant had injuries to her arm and that her speech seemed slurred. He located a small plastic bag of cannabis sitting on the ground near defendant's open purse.

¶ 9        A forensic scientist tested defendant's urine specimen taken on the day of the accident. It contained THC metabolite, which results from cannabis use. Defendant told Officer O'Neil at the hospital that she " 'use[s] cannabis, Xanax, and Perco[c]et,' " and that she " 'did two one [*sic*] hits earlier.' " Finally, the parties stipulated that as a result of the accident, Christopher suffered great bodily harm and Wood suffered great bodily harm and permanent disability.

¶ 10        Defense counsel then informed the trial court that, had the court ruled in her favor, defendant would have "attempted to call Dr. Helen McDermott, who is [defendant's] physician," who would have testified that defendant "has low blood pressure and it is possible that the loss of consciousness right before the accident was caused by this condition and not caused by any particular drug. Of course, Dr. McDermott could not say that was the cause, simply that it was a possibility." Defense counsel also stated that defendant would have testified "that she was not impaired and had not done any illegal drugs that particular day" and would have called three lay witnesses "who saw [her] shortly before the accident to testify that she was not impaired."

¶ 11        The trial court found defendant guilty of all three counts of aggravated DUI. The court noted that although there was no evidence of impairment, that was not relevant to a determination of guilt under the charged counts. The trial court entered judgment on one count after finding that the remaining two merged.

¶ 12        Prior to sentencing, the trial court noted defendant's "level of impairment" as mitigation but highlighted in aggravation that her driver's license was revoked at the time of the accident

stemming from a prior DUI. Defendant was sentenced to 18 months in prison followed by one year of mandatory supervised release.

¶ 13　On appeal, defendant argued that she was denied her right to present a defense because she was not allowed to present evidence that a medical condition, rather than drug impairment, caused her to cross the centerline of traffic and collide with Wood's vehicle. 2015 IL App (5th) 130096, ¶¶ 12, 16. In addressing this argument, the appellate court acknowledged that, under *Martin*, 2011 IL 109102, a presumption of impairment exists in aggravated DUI cases involving the presence of a controlled substance in a defendant's body, and the State is not required to prove impairment in such cases. 2015 IL App (5th) 130096, ¶ 19. The appellate court concluded, however, that *Martin* was of limited relevance because this court did not address what kind of defenses a defendant may seek to introduce at trial to establish that his or her driving did not proximately cause the accident. *Id.*

¶ 14　Instead, the appellate court looked to the law of proximate cause in civil cases, noting that it presents essentially a question of foreseeability and reflects a policy decision that limits how far a defendant's legal responsibility should be extended for conduct that, in fact, caused the relevant harm. *Id.* ¶ 16. The appellate court further noted that in tort law, an "act of God" that renders a driver incapable of controlling his or her car can defeat a negligence claim if it "constitutes the sole and proximate cause of the injuries." *Id.* The appellate court ultimately concluded that it should be for the trier of fact to determine whether a sudden illness was the sole and proximate cause of the accident and that it was not harmless error for the trial court to bar such evidence. *Id.* ¶ 20. The appellate court held that defendant should be allowed to present such evidence and the State could then attempt to discredit or rebut defendant's evidence. *Id.* ¶ 21. For these reasons, the appellate court reversed defendant's conviction and remanded for further proceedings. *Id.* ¶ 23.

¶ 15　This court granted the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Jan. 1, 2015).

¶ 16　　　　　　　　　　　　　　　ANALYSIS

¶ 17　At issue is whether defendant should have been allowed to present evidence from her physician that a medical condition, rather than drug impairment, led her to lose consciousness and was the sole cause of the resulting collision with Wood's vehicle.

¶ 18　"Generally, evidentiary motions, such as motions *in limine*, are directed to the trial court's discretion, and reviewing courts will not disturb a trial court's evidentiary ruling absent an abuse of discretion." *People v. Harvey*, 211 Ill. 2d 368, 392 (2004). However, where the ruling on a motion *in limine* is based on an interpretation of law, our review proceeds *de novo*. *People v. Williams*, 188 Ill. 2d 365, 369 (1999).

¶ 19　The State contends that the trial court correctly barred any medical evidence because it was irrelevant under section 11-501 of the Vehicle Code in determining whether defendant's physical act of driving with drugs in her system was a proximate cause of the resulting accident and injuries to Wood and Christopher.

¶ 20　Section 11-501 of the Vehicle Code provides, in pertinent part:

　　　　"(a) A person shall not drive or be in actual physical control of any vehicle within this State while:

　　　　　　　　　　　　　　　* * *

- 4 -

(6) there is any amount of a drug, substance, or compound in the person's breath, blood, or urine resulting from the unlawful use or consumption of cannabis listed in the Cannabis Control Act *** .

* * *

(d) Aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof.

(1) Every person convicted of committing a violation of this Section shall be guilty of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof if:

* * *

(C) the person in committing a *violation of subsection (a)* was involved in a motor vehicle accident that resulted in great bodily harm or permanent disability or disfigurement to another, *when the violation was a proximate cause of the injuries*[.]" (Emphases added.) 625 ILCS 5/11-501 (West 2010).[1]

¶ 21 As this court has previously explained in construing this provision of the Vehicle Code, "[s]ection 11-501 sets forth the elements of a misdemeanor offense, then provides sentencing enhancements based upon the presence of other factors." *Martin*, 2011 IL 109102, ¶ 14. " '[A]ggravated DUI occurs when an individual commits some form of misdemeanor DUI, in violation of paragraph (a), and other circumstances are present. The legislature added aggravating factors that change[ ] the misdemeanor DUI to a Class 4 felony.' " *Id.* (quoting *People v. Quigley*, 183 Ill. 2d 1, 10 (1998)). " 'The essential and underlying criminal act, however, remains the same: driving while under the influence. The physical injury caused to others by driving while under the influence produces the felony.' " *Id.* ¶ 24 (quoting *Quigley*, 183 Ill. 2d at 10).

¶ 22 In *Martin*, the defendant was found with trace amounts of methamphetamine and amphetamine in his system after he drove across the centerline of a two-lane highway causing a head-on collision that resulted in the death of two people. *Id.* ¶¶ 3-4. On appeal, the defendant argued, *inter alia*, that the State failed to prove him guilty of aggravated DUI because it did not prove a causal link between the drugs in his system and the car accident in which two persons died. *Id.* ¶ 20.

¶ 23 In construing the statutory language and rejecting this claim, we recognized that under the DUI statute, proof of impairment was not necessary in two types of DUI cases: (1) when the alcohol concentration in the person's blood or breath was above the legal limit or (2) when there was any amount of cannabis, controlled substances, or methamphetamine in the defendant's body. *Id.* ¶ 26 (citing 625 ILCS 5/11-501(a)(1), (a)(6) (West 2008)). We held, after viewing the statute as a whole and considering all relevant parts, that the legislature intended these two violations to be "strict liability" offenses as opposed to violations that required proof of impairment. *Id.* ¶¶ 21, 26.

---

[1]This provision of the Vehicle Code was recently amended and no longer imposes a zero-tolerance ban on driving with cannabis in the driver's system. Pub. Act 99-697 (eff. July 29, 2016). The Act now prohibits driving with either 5 nanograms or more of delta-9-THC per milliliter of whole blood or 10 nanograms or more of delta-9-THC per milliliter of other bodily substance, as measured within two hours of driving. *Id.*

¶ 24    This court recognized that our legislature reasonably enacted an absolute ban on driving with any amount of a controlled substance in the driver's system because it is not possible to determine scientifically the amount of drugs it takes to render a driver impaired. *Id.* ¶ 23. "Such violations are essentially driving while presumed impaired." *Id.* ¶ 26 n.1. We ultimately held that although there was no evidence that the drugs in the defendant's system rendered him impaired or caused the accident, his driving was a proximate cause of the victims' deaths where his car crossed the centerline and struck an oncoming vehicle. *Id.* ¶ 28.

¶ 25    In reaching this determination, we emphasized that when an aggravated DUI charge is based on a violation of section 11-501(a)(6), the Vehicle Code "requires a causal link only between the physical act of driving and another person's death [or serious bodily injury or permanent disability or disfigurement]." *Id.* ¶ 26; see also 625 ILCS 11-501(d)(1)(F) (West 2010) (identical to the aggravating factor in section 11-501(d)(1)(C) when the motor vehicle accident results in death of another person). Therefore, the State was not required to prove that the defendant was impaired and that the illegal substance in his system, either alone or in combination with other factors, affected his ability to drive and was the proximate cause of the victims' deaths. *Martin*, 2011 IL 109102, ¶ 26.

¶ 26    *Martin* made plain that "the central issue at trial will be proximate cause, not impairment. A defendant who is involved in a fatal motor vehicle accident while violating section 11-501(a)(6) is guilty of only misdemeanor DUI, where *his driving* was not a proximate cause of the death." (Emphasis added.) *Id.* We reiterate that when an aggravated DUI charge is based on a violation of section 11-501(a)(6), as in this case, section 11-501(d)(1)(C) requires a causal link only between the defendant's physical act of driving and another person's great bodily harm or permanent disability or disfigurement.

¶ 27    Subsequent to our decision in *Martin*, our legislature amended section 11-501 but did not change the language in sections 11-501(d)(1)(C) or (F) of the Vehicle Code. See Pub. Act 99-697 (eff. July 29, 2016). We assume not only that the General Assembly acts with full knowledge of previous judicial decisions but also that its silence on an issue in the face of those decisions indicates its acquiescence to them. *In re Marriage of Mathis*, 2012 IL 113496, ¶ 25 (citing *People v. Villa*, 2011 IL 110777, ¶ 36 ("the judicial construction of the statute becomes a part of the law, and the legislature is presumed to act with full knowledge of the prevailing case law and the judicial construction of the words in the prior enactment")).

¶ 28    The facts in this case are virtually identical to *Martin*. As the State correctly advances, because defendant was driving with cannabis in her system—a *per se* DUI offense requiring no evidence of impairment—an aggravated DUI charge based on defendant's involvement in an accident resulting in great bodily harm or permanent disability to another "requires a causal link only between [her] physical act of driving and another person's [injuries or] death." *Martin*, 2011 IL 109102, ¶ 26. Here, as in *Martin*, although there was no evidence that the drugs in defendant's system rendered her impaired or caused the accident, her "driving [in violation of section 11-501(a)(6)] was a proximate cause of the victims' [great bodily harm]." *Id.* ¶ 28.

¶ 29    Defendant acknowledges that "the State had sufficient evidence to show that [she] was at fault when her car crossed the centerline" and collided head-on with Wood's vehicle. She asserts, however, that the trial court erred in barring her from presenting evidence to establish

that a sudden medical condition (*i.e.*, low blood pressure) resulted in her losing consciousness prior to hitting Wood's vehicle and was the sole proximate cause of the crash.

¶ 30    As before the appellate court, defendant relies upon a body of case law found in Illinois civil cases that may preclude a defendant driver's liability where " '[a] loss or injury is due to the act of God, when it is occasioned exclusively by natural causes such as could not be prevented by human care, skill[,] and foresight.' " *Evans v. Brown*, 399 Ill. App. 3d 238, 246 (2010) (quoting *Wald v. Pittsburgh, Cincinnati, Chicago & St. Louis R.R. Co.*, 162 Ill. 545, 551 (1896)); see also *McClean v. Chicago Great Western Ry. Co.*, 3 Ill. App. 2d 235, 246-47 (1954) (holding that injuries are caused by an act of God when such injuries are beyond the power of human agency to prevent); *Grote v. Estate of Franklin*, 214 Ill. App. 3d 261, 271 (1991) (holding an unforeseeable sudden illness that renders a defendant incapable of controlling his or her vehicle is an act of God and can preclude liability for a resulting collision). Defendant also cites this court's holding that the analogies between civil and criminal cases in which individuals are injured or killed are so close that the principle of proximate cause applies to both classes of cases. *People v. Hudson*, 222 Ill. 2d 392, 401 (2006).

¶ 31    Nothing in the statutory framework at issue prevents a defendant from raising as an affirmative defense that a collision resulting in serious bodily injury or death was caused solely by a sudden unforeseeable medical condition that rendered the defendant driver incapable of controlling the vehicle. We find no basis to preclude such an affirmative defense. See *Evans*, 399 Ill. App. 3d at 246 (holding "[a] sudden illness or death that renders a driver incapable of controlling his car, provided that the event is unforeseeable and beyond the power of human intervention to prevent, is an act of God"). Therefore, we hold that the trial court erred in finding that defendant was barred, as a matter of law, from raising as an affirmative defense that the collision was caused solely and exclusively by a sudden unforeseeable medical condition that rendered her incapable of controlling her vehicle.

¶ 32    A defendant who raises this affirmative defense in an aggravated DUI prosecution, however, bears the burden of establishing that the alleged unforeseen medical condition constitutes the sole proximate cause of the accident and the resulting injuries. See *id.* In the context of this case, sole proximate cause would mean that defendant's sudden and unforeseeable medical condition led to her unconsciousness and was the only cause of the resulting collision with Wood's vehicle to the exclusion of the presumed impairment. See *Holton v. Memorial Hospital*, 176 Ill. 2d 95, 134 (1997).

¶ 33    It is well settled that when a defendant asserts that she has not been given the opportunity to prove her case because the trial court improperly barred evidence, she must provide the court of review with an adequate offer of proof as to what the excluded evidence would have entailed. *People v. Gibbs*, 2016 IL App (1st) 140785, ¶ 36. "The purpose of an offer of proof is to inform the trial court, opposing counsel, and a reviewing court of the nature and substance of the evidence sought to be introduced." *People v. Peeples*, 155 Ill. 2d 422, 457 (1993). This enables a reviewing court to determine whether exclusion of the evidence was proper. *People v. Andrews*, 146 Ill. 2d 413, 421 (1992). The "offer need not be a formal elicitation of the witness's testimony under oath, but may be informal and consist of counsel's representations regarding the contents of the testimony." *Gibbs*, 2016 IL App (1st) 140785, ¶ 36. An offer of proof must be "considerably detailed and specific" (*Peeples*, 155 Ill. 2d at 457), and one that

- 7 -

"merely summarizes the witness' testimony in a conclusory manner is inadequate" (*Andrews*, 146 Ill. 2d at 421).

¶ 34    Here, in defendant's motion *in limine*, which the trial court denied, she simply asserted that she "should be allowed to present evidence of non-impairment along with an alternative medical explanation for [her] loss of consciousness immediately before the accident." Thereafter, at trial, defense counsel stated that defendant would have testified that she was not impaired on that particular day and would have called three lay witnesses who saw her shortly before the accident to testify that she was not impaired.

¶ 35    Defense counsel further stated that, had the court ruled in defendant's favor, she would have attempted to call her physician, Dr. Helen McDermott, who would have testified that defendant:

> "has low blood pressure and it is possible that the loss of consciousness right before the accident was caused by this condition and not caused by any particular drug. Of course, Dr. McDermott could not say that was the cause, simply that it was a possibility."

¶ 36    A sole proximate cause defense was not appropriate in this case unless there was evidence that the sole proximate cause, not a proximate cause, of the collision was defendant's sudden unforeseeable medical condition. *Holton*, 176 Ill. 2d at 134. Dr. McDermott, however, could not testify that defendant's low blood pressure was the cause of her falling asleep or losing consciousness prior to the accident, only that it was a possibility. Based upon the offer of proof, defendant was unable to show that her theory as to why she lost control of her vehicle was the sole proximate cause of the resulting collision to the exclusion of the presumed impairment. Consequently, we find defendant failed to adequately support her claim that the trial court improperly barred her affirmative defense from proceeding.

¶ 37                                      CONCLUSION

¶ 38    For these reasons, the trial court erred in finding that defendant was barred, as a matter of law, from raising as an affirmative defense that the accident was caused solely and exclusively by a sudden unforeseeable medical condition that rendered defendant incapable of controlling her car. Defendant, however, failed to make an adequate offer of proof to support this affirmative defense. Accordingly, the judgment of the appellate court is reversed, and defendant's conviction and sentence for aggravated DUI are reinstated.

¶ 39    Appellate court judgment reversed.

¶ 40    Circuit court judgment affirmed.

¶ 41    JUSTICE GARMAN, specially concurring:

¶ 42    I agree with the reinstatement of defendant's conviction and sentence for aggravated DUI. For the reasons stated below, however, I would hold that as a matter of law, *People v. Martin*, 2011 IL 109102, bars a defendant charged with aggravated DUI predicated on section 11-501(a)(6) of the Illinois Vehicle Code from raising as an affirmative defense that an accident was caused solely by a sudden unforeseeable medical condition.

¶ 43    As the majority notes, "[a]t issue is whether defendant should have been allowed to present evidence from her physician that a medical condition, *rather than drug impairment*, led her to

lose consciousness and was the *sole cause* of the resulting collision with Wood's vehicle." (Emphases added.) *Supra* ¶ 17. The majority holds that "[n]othing in the statutory framework at issue prevents a defendant from raising as an affirmative defense that a collision resulting in serious bodily injury or death was caused *solely* by a sudden unforeseeable medical condition that rendered the defendant driver incapable of controlling the vehicle." (Emphasis added.) *Supra* ¶ 31. This holding is not only inconsistent with our precedent in *Martin* but also violative of legislative intent.

¶ 44    To elevate a misdemeanor DUI to an aggravated DUI requires that "the person in committing a violation of subsection (a) was involved in a motor vehicle accident that resulted in great bodily harm or permanent disability or disfigurement to another, when the violation was a proximate cause of the injuries." 625 ILCS 5/11-501(d)(1)(C) (West 2010). Subsection (a) mandates that "[a] person shall not drive or be in actual physical control of any vehicle within this State while: *** (6) there is any amount of a drug, substance, or compound in the person's breath, blood, or urine resulting from the unlawful use or consumption of cannabis." 625 ILCS 5/11-501(a)(6) (West 2010).

¶ 45    In *Martin*, this court explained that the State is not required to prove impairment in aggravated DUI cases predicated upon *per se* misdemeanor violations. *Martin*, 2011 IL 109102, ¶ 26. The legislature intended violations of sections 11-501(a)(1) and 11-501(a)(6) to be "strict liability" offenses. *Id.* To discern this legislative intent, this court looked "not only [to] the statutory language, but also the reason and necessity for the law, the problems that lawmakers sought to remedy, and the goals that they sought to achieve." *Id.* ¶ 21. Section 11-501(a) is " 'intended to keep drug-impaired drivers off of the road.' " *Id.* ¶ 22 (quoting *People v. Fate*, 159 Ill. 2d 267, 269 (1994)). This "flat prohibition against driving with any amount of a controlled substance in one's system was considered necessary because there is no standard that one can come up with by which, unlike alcohol in the bloodstream, one can determine whether one is *** driving under the influence." (Internal quotation marks omitted.) *Id.* (quoting *Fate*, 159 Ill. 2d at 270). Sections 11-501(a)(1) and 11-501(a)(6) "create[ ] an absolute bar to driving after ingesting a controlled substance." (Internal quotation marks omitted.) *Id.* ¶ 23. For that reason, "the legal fiction of presumed impairment" applies in the context of drug driving. *Id.* As a result, impairment was not made to be an element of section 11-501(a)(1) or 11-501(a)(6). *Id.* ¶ 26 ("[W]hether proof of impairment is necessary to sustain a conviction for aggravated DUI under section 11-501(d)(1)(F) [or 11-501(d)(1)(C)] depends upon whether impairment is an element of the underlying misdemeanor DUI."). Therefore, the State need not prove impairment because it is not an element of the offense.

¶ 46    As the majority points out, post-*Martin*, the Illinois legislature amended section 11-501 but did not change the language in section 11-501(d)(1)(C) or (F) of the Vehicle Code. See Pub. Act 99-697 (eff. July 29, 2016). "We assume not only that the General Assembly acts with full knowledge of previous judicial decisions but also that its silence on an issue in the face of those decisions indicates its acquiescence to them." *Supra* ¶ 27 (citing *In re Marriage of Mathis*, 2012 IL 113496, ¶ 25). "This is so because the judicial construction of the statute becomes a part of the law, and the legislature is presumed to act with full knowledge of the prevailing case law and the judicial construction of the words in the prior enactment." *People v. Villa*, 2011 IL 110777, ¶ 36. By declining to modify the language in section 11-501(d)(1)(C) or (F), the legislature clearly acquiesced to this court's conclusion in *Martin* that, when a section

11-501(d)(1)(C) or (F) aggravated DUI charge is predicated on a *per se* misdemeanor, impairment is not at issue because it is not an element. See *Martin*, 2011 IL 109102, ¶ 26.

¶ 47 Therefore, when analyzing whether a defendant is guilty of aggravated DUI predicated upon a *per se* misdemeanor DUI, the court is concerned only with the causal link between defendant's "physical act of driving [or actual physical control] and another person's death [or great bodily harm or permanent disability or disfigurement]." *Id.* Allowing a defendant to show that an accident was caused *solely* by a sudden unforeseeable medical condition is a roundabout way of arguing that an accident was not caused by defendant's impaired driving. Such an affirmative defense improperly assumes that, despite the fact that the State is not required to prove impairment because impairment is not an element, the defendant can attempt to disprove any role that impairment may have played.

¶ 48 If defendant were allowed to show that a medical emergency solely caused her to lose consciousness rather than the presence of drugs in her system, she would be implicitly putting impairment at issue. The State, in rebuttal, would have to show that defendant was impaired by the drugs in her system and that this impairment was in fact "a" proximate cause of the accident and injuries to contest the defendant's "sole" proximate cause theory. 625 ILCS 5/11-501(d)(1)(C) (West 2010) ("violation [of subsection (a)] was *a* proximate cause of the injuries" (emphasis added)). Such a result does not comport with the clear legislative intent to hold a defendant strictly liable for driving with any amount of an illegal substance in his or her system, in violation of section 11-501(a)(6), where defendant's driving proximately causes greatly bodily harm or permanent disability to another. The legislative intent behind creating the two strict liability violations was to keep people who ingested *any amount* of a prohibited drug from getting behind the wheel of a car. Impairment must be strictly presumed once prohibited drugs are found in a defendant's system. If the legislature had wanted to make impairment an issue, it would have drafted the statute accordingly.

¶ 49 For these reasons, I would hold that a defendant charged with aggravated DUI predicated on section 11-501(a)(6) is barred from presenting an affirmative defense that a collision resulting in serious bodily injury or death was caused solely by a sudden unforeseeable medical condition that rendered the defendant driver incapable of controlling the vehicle.

¶ 50 CHIEF JUSTICE KARMEIER joins in this special concurrence.