NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190846-U

NO. 4-19-0846, 4-19-0847 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 9, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| RICHARD E. SMITH, | ) | Nos. 18CF116 |
| Defendant-Appellant. | ) | 18CF183 |
| | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion in sentencing defendant to six years in prison.

¶ 2    In February 2019, defendant, Richard E. Smith, pleaded guilty to aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2016)) and domestic battery (*id.* § 12-3.2(a)(1)) in Livingston County case No. 18-CF-116. At the same hearing, defendant pleaded guilty to criminal trespass to a residence (*id.* § 19-4(a)(2)) and battery (*id.* § 12-3(a)(1)) in Livingston County case No. 18-CF-183. The trial court subsequently sentenced defendant to four years in prison in case No. 18-CF-116 and two years in prison in case No. 18-CF-183. In this consolidated appeal, defendant argues his sentences were excessive because the court failed to consider certain mitigating evidence. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4            On April 13, 2018, the State charged defendant with aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2016)) and domestic battery (*id.* § 12-3.2(a)(1)) in case No. 18-CF-116. Both charges arose from an altercation between defendant and his longtime girlfriend, April Meier. Five days later, defendant was released on bond. As a condition of his release, the trial court ordered that defendant have no contact with Meier and that he stay away from Meier's home. The court entered a protective order with these same conditions. The protective order also denied defendant visitation with his three minor children, all of whom he shared with Meier. Later, at Meier's request, the protective order was amended, and defendant was allowed unsupervised visits with the children.

¶ 5            Two months later, the State charged defendant with criminal trespass to a residence (*id.* § 19-4(a)(2)) (count I) and battery (*id.* § 12-3(a)(1)) (count II) in case No. 18-CF-183. In that case, the State alleged defendant had entered Meier's residence and caused bodily harm to Jessie Sanders, Meier's new boyfriend. Later, based upon this same conduct, the State additionally charged defendant with home invasion (*id.* § 19-6(a)(2)) (count III).

¶ 6            On February 5, 2019, defendant entered a guilty plea in case No. 18-CF-116 and case No. 18-CF-183. At the beginning of the hearing, defense counsel informed the trial court that defendant was entering a "blind plea" and that the only agreement between the parties was that, in exchange for defendant's plea in case No. 18-CF-183, the State would dismiss count III. The court then admonished defendant, and the State provided the following factual basis in support of defendant's plea in case No. 18-CF-116. According to the factual basis, on April 12, 2018, defendant and Meier engaged in an argument which became physical. Defendant "hit [Meier] [on] the head several times, put her in a choke[ ]hold with his arm around her neck and lifted her off

the ground," causing Meier to lose consciousness. When Meier awoke, defendant struck her in the face, head, and back. The State then provided the following factual basis in support of defendant's plea in case No. 18-CF-183. On June 24, 2018, defendant entered Meier's home and found Sanders inside. Defendant struck Sanders in the face and head multiple times and yelled at him to "stay away from [defendant's] children." The court ultimately accepted defendant's guilty pleas.

¶ 7        A presentence investigation report (PSI) was prepared on March 28, 2019. According to the PSI, defendant "admit[ted] commission of the offenses in both cases but did minimize them. He attribute[d] them to his failure to manage his mental health issues properly and indicated that he [was] now more educated and enlightened on those issues and ha[d] sought help to control them." Defendant self-reported that he was diagnosed with bipolar disorder, depression, attention deficit hyperactivity disorder, and "anxiety management issues." Defendant considered his mental health issues "a significant causative factor in his illegal behaviors." Defendant further reported that, for several years prior to his arrest, he had self-medicated with cannabis to control his mental health symptoms but had recently started taking prescribed medications and reduced his cannabis use.

¶ 8        On September 25, 2019, the trial court conducted a sentencing hearing. In aggravation, the State admitted photographs depicting the injuries defendant caused Meier. The State also introduced a victim impact letter from Meier's daughter, J.M., who was not related to defendant. In her letter, J.M. wrote defendant had a "reputation of violent behavior both on and off the record." J.M. claimed she had seen defendant abuse Meier multiple times over the course of their relationship and had seen defendant physically and emotionally abuse his three children and the family dog. Defendant presented no mitigating evidence but made a statement in allocution. In his statement, defendant indicated his relationship with Meier was "toxic." He explained that, just

before his fight with Meier on April 12, 2018, he learned that she was having an affair. Defendant also stated that, after he was charged in case No. 18-CF-183, he "tried to get help." He sought mental health treatment and was diagnosed with bipolar disorder. Since that time, defendant had been taking medication, which he believed was helping manage his mental health symptoms. Defendant disagreed with the allegations that he had been a bad father, stating he had been "a great dad" and that his children were "[his] whole life." Defendant concluded that "[his] being torn away from [his children] *** hurts them as much as it hurts [him]." The State recommended the court sentence defendant to four years in case No. 18-CF-116 and two years in case No. 18-CF-183, noting, among other things, that defendant caused serious bodily harm to Meier and Sanders, had a "violent history," and had committed the offenses in case No. 18-CF-183 while on bond. Defense counsel requested the court sentence defendant to probation, noting defendant's mental health issues, that this was his first felony conviction, and that incarceration would cause "serious harm" to his dependents.

¶ 9        Consistent with the State's recommendation, the trial court sentenced defendant to four years in prison in case No. 18-CF-116 and two years in prison in case No. 18-CF-183, with the sentences to run consecutively. Here, we note that in case No. 18-CF-183, the court entered convictions on both counts I and II but only sentenced defendant on count I.

¶ 10       Prior to issuing defendant's sentences, the court stated, in relevant part, as follows:
     "[T]here are a number of things the Court is directed to look at; and once again, those matters are set forth *** by the legislature in the statutes. And I am to consider in determining an appropriate sentence the evidence that was received at a trial, which obviously in this case I didn't have a trial. So in addition then the information that's set forth in the presentence investigation report, the financial impact of

- 4 -

incarceration, evidence that was offered in aggravation and mitigation, substance abuse treatment eligibility and assessment if any, of course the statement in allocution of the Defendant and also victim or I guess in this case it would be a family member of the victim's statement. So those are a number of general categories, and then the statute sets forth specific factors in aggravation and mitigation.

* * *

I have to also agree with the State that I do not believe there are any statutorily identified mitigating factors in this case. [Defense counsel] argued that it would cause harm to your children. That's not actually the burden or the factor. The factor is whether imprisonment would entail excessive hardship on your dependents.

I think it goes without saying that if you are going to commit a crime or serious crime that any children you may have are going to be harmed by that. It hurts our children when their parents are, first of all, not law abiding citizens and engaged in a productive life and a caring, loving environment for those children, and then secondly, when they are committing crimes that are [of] a serious nature.

And so the fact that you have children does not mean you can't go to prison. Would it entail an excessive hardship on your dependents? I don't think so. I don't have any evidence before me to suggest that without your financial support the children would be raised in foster care or not be provided for. To the contrary, at this point in time I think you were not working so you have not been providing financial support for the children.

Will it be difficult? Absolutely it will be difficult. It's always difficult, but that doesn't mean it's an excessive hardship so I don't think that there's an excessive hardship on your dependents here.

In regards to the mental health issues, that's not a specified factor in mitigation; but I do acknowledge that there are mental health issues; and the Court can consider anything that may be relevant to sentencing.

So I do understand that you have these underlying mental health issues. My concern is again, that you apparently have a very long history of abusive behavior, and you admitted a toxic relationship with Miss Meier. And I have to say that the statement in allocution from [J.M.] is, it's concerning when she talks about the violence in that home not only to Miss Meier but to the other children and the dog and even just being scared about what's going on in that house. That's not obviously an environment that's conducive for children to grow up in.

* * *

In this case, I heard [defense counsel] indicate that you should not suffer because of a problem society has with domestic battery and your problem here is more a mental illness and that you lost control due to your mental illness. Well, that may be part of the story; but I don't think that's all of the story.

We have a lot of people that unfortunately have serious mental health issues such as bipolar, and they do not act like this. This is I would say a combination of issues that you are either failing to address, refusing to address. But when your, your issues, mental health, substance abuse, whatever they are, when your issues harm others, it becomes a problem and particularly in a situation like this.

- 6 -

So honestly I think the State took into account the mental health issues with their recommendation to the Court today. I believe without any doubt that a sentence of probation *** would deprecate the serious nature of these charges and would be inconsistent with the ends of justice, and I think the recommendation from the State is a very reasonable recommendation considering the factors in aggravation."

¶ 11　　　　On October 1, 2019, defendant filed a motion to reconsider his sentences, claiming the trial court failed to consider certain factors in mitigation, including that defendant "acted under a strong provocation" and his imprisonment would "entail excessive hardship to his dependents." At the hearing on defendant's motion, defense counsel also argued defendant had been diagnosed with "a serious mental condition" and that this condition "contributed to his reaction to these cases here." The court denied defendant's motion, finding it had "correctly weighed all of the evidence presented at the sentencing hearing as well as the factors in aggravation and mitigation."

¶ 12　　　　This appeal followed.

¶ 13　　　　　　　　　　　　II. ANALYSIS

¶ 14　　　　In this consolidated appeal, defendant argues his sentences in case No. 18-CF-116 and case No. 18-CF-183 are excessive because the trial court failed to consider certain mitigating evidence. Specifically, defendant contends the court failed to consider: (1) his mental illness, (2) that he was acting under strong provocation, and (3) the impact his incarceration would have on his three minor children.

¶ 15　　　　A trial court must base its sentencing determination on "the particular circumstances of each case, considering such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." (Internal quotation marks

omitted.) *People v. Pina*, 2019 IL App (4th) 170614, ¶ 19, 143 N.E.3d 794. In addition, the Unified Code of Corrections (Code) (730 ILCS 5/5-5-3.1 to 5-5-3.2 (West 2016)) sets forth numerous mitigating and aggravating factors the trial court "shall" consider in issuing its sentence. Among the statutory mitigating factors are: (1) whether, at the time of the offense, the defendant was "suffering from a serious mental illness which, though insufficient to establish the defense of insanity, substantially affected his or her ability to understand the nature of his or her acts or to conform his or her conduct to the requirements of the law" (730 ILCS 5/5-5-3.1(a)(16) (West Supp. 2017)); (2) whether the defendant "acted under a strong provocation" (730 ILCS 5/5-5-3.1(a)(3) (West 2016)); and (3) whether "imprisonment of the defendant would entail excessive hardship to his dependents" (*id.* § 5-5-3.1(a)(11)).

¶ 16 "The trial court has broad discretionary powers when selecting an appropriate sentence." (Internal quotation marks omitted.) *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 102, 126 N.E.3d 703. Although the sentencing court may not ignore relevant mitigating factors (*People v. Flores*, 404 Ill. App. 3d 155, 157, 935 N.E.2d 1151, 1154 (2010)), the weight to be given to each factor is "left to the sound discretion of the trial court." *Sturgeon*, 2019 IL App (4th) 170035, ¶ 104. Additionally, "there is a well-established presumption that the sentencing court considered all of the mitigating factors, without the court's having to recite them or to assign a value to each factor presented in the sentencing hearing." *People v. Chambers*, 2021 IL App (4th) 190151, ¶ 80. This presumption will not be overcome absent "explicit evidence from the record that the trial court failed to consider mitigating factors." *People v. Halerewicz*, 2013 IL App (4th) 120388, ¶ 43, 2 N.E.3d 333.

¶ 17 A sentence that is within the statutory range provided by the legislature is presumed to be proper, and the trial court's sentence will not be disturbed on appeal absent an abuse of

discretion. *Sturgeon*, 2019 IL App (4th) 170035, ¶ 104. The court abuses its discretion in sentencing a defendant where the sentence is "greatly at odds with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." *Id.*

¶ 18 Here, defendant was sentenced to prison based upon his conviction for aggravated battery in case No. 18-CF-116 and his conviction for criminal trespass to a residence in case No. 18-CF-183. Aggravated domestic battery is a Class 2 felony (720 ILCS 5/12-3.3(b) (West 2016)) and carries a potential term of imprisonment between three and seven years. 730 ILCS 5/5-4.5-35(a) (West 2016). Criminal trespass to a residence is a Class 4 felony (720 ILCS 5/19-4(b)(2) (West 2016)), which carries a potential term of imprisonment between one and three years (730 ILCS 5/5-4.5-45(a) (West 2016)). Defendant was subject to mandatory consecutive sentencing because he was released on bond in case No. 18-CF-116 when he committed criminal trespass to a residence charged in case No. 18-CF-183. See *id.* § 5-8-4(d)(8). Based on this authority, defendant's four-year sentence in case No. 18-CF-116 and his two-year sentence in case No. 18-CF-183, for a total of six years in prison, was within the authorized statutory range and is therefore presumed to be proper. See *Sturgeon*, 2019 IL App (4th) 170035, ¶ 104. Nonetheless, defendant claims his sentences were excessive because the trial court failed to consider as mitigating evidence his mental illness, that he was acting under strong provocation, and the impact his incarceration would have on his three minor children.

¶ 19 Defendant first claims the trial court failed to consider his mental illness as a mitigating factor. This claim is belied by the record. Prior to imposing defendant's sentence, the court referenced defendant's mental health history multiple times. For example, the court explicitly stated: "So I do understand that you have these underlying mental health issues." The court went on to state that it believed the State's sentencing recommendation, which the court ultimately

imposed, adequately "took into account the mental health issues." Contrary to defendant's assertion, the court did not fail to consider his mental illness as a mitigating factor.

¶ 20    Defendant next argues that, in imposing his sentence in case No. 18-CF-116, the trial court failed to consider that he was acting under strong provocation, as required under section 5-5-3.1(a)(3) of the Code (730 ILCS 5/5-5-3.1(a)(3) (West 2016)). According to defendant, "the sentencing court was required to consider Meier's affair just before the altercation as a mitigating factor." In support of his argument that the court failed to consider this factor, defendant notes "[t]he court devoted nine pages in the transcript to detailing the factors in mitigation and aggravation that it considered in rendering the sentence" but there was "no instance where the court considered that there was strong provocation for the incident and it did not mention the adultery that occurred before the incident." In other words, defendant argues that because the court, when discussing the mitigating evidence, did not explicitly state that it considered the effect Meier's alleged affair had on defendant's conduct, the court must not have taken that factor into account. This argument is untenable. As stated above, the court is not required to recite and identify the weight given to each mitigating factor on the record. *Chambers*, 2021 IL App (4th) 190151, ¶ 80. Moreover, "[t]he fact that a court expressly mentions a factor in mitigation does not mean the court ignored other factors." *People v. Burton*, 184 Ill. 2d 1, 34, 703 N.E.2d 49, 65 (1998). Defendant has pointed to nothing in the record demonstrating the court failed to consider that he was acting under strong provocation when he committed aggravated domestic battery. Therefore, to the extent that Meier's alleged affair may be considered evidence that defendant was acting under strong provocation, we presume the court considered this mitigating evidence. See *Chambers*, 2021 IL App (4th) 190151, ¶ 80; *Halerewicz*, 2013 IL App (4th) 120388, ¶ 43.

¶ 21    Finally, defendant argues the trial court failed to consider the impact his

incarceration would have on his three minor children. Defendant contends the court failed to consider that defendant financially supported his children and was "actively involved" in their lives. Defendant further contends the court failed to consider the "emotional effects" his incarceration would have on his children. As stated above, the Code requires that, in issuing a defendant's sentence, the court must consider whether "the imprisonment of the defendant would entail excessive hardship to his dependents." 730 ILCS 5/5-5-3.1(a)(11) (West 2016). Reviewing courts have previously recognized that "any prison sentence entails hardship to the defendant and the defendant's family." *People v. Hambrick*, 2012 IL App (3d) 110113, ¶ 23, 973 N.E.2d 1060. For this reason, as clearly stated in the Code, this factor only weighs in favor of mitigation if the hardship would be "excessive." 730 ILCS 5/5-5-3.1(a)(11) (West 2016). Here, the court acknowledged that defendant's incarceration would be "difficult" for his children but ultimately determined the hardship would not be "excessive," noting that no evidence had been presented the children would not be "provided for" if defendant were incarcerated. The court further found the allegations in J.M.'s letter that defendant abused his children to be "concerning" and concluded that the environment created in the home by defendant, as described in the letter, was not "conducive for children to grow up in." Therefore, the court did not fail to consider the effect defendant's incarceration would have on his children but properly exercised its discretion and determined this statutory factor did not weigh in favor of reducing defendant's sentence based upon the evidence presented. See *Sturgeon*, 2019 IL App (4th) 170035, ¶ 104 ("[t]he weight to be given to any proper factor *** is left to the sound discretion of the trial court" (emphasis omitted)).

¶ 22    The record in the present case demonstrates the trial court was presented with and considered relevant mitigating and aggravating evidence. The record does not indicate the court failed to consider any statutory mitigating factors. Therefore, we find the court did not abuse its

discretion in sentencing defendant to six years in prison.

¶ 23                                          III. CONCLUSION

¶ 24            For the reasons stated, we affirm the trial court's judgment.

¶ 25            Affirmed.